[Civil No. 3204. Filed September 17, 1932.]

[14 Pac. (2d) 476.]

L. G. DOBY, Petitioner, v. MIAMI TRUST COMPANY, a Corporation, Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, and R. B. SIMS, WM. E. HUNTER and CHARLES HARTMAN, Members of The Industrial Commission of Arizona, Respondents.

Mr. H. S. McCluskey, for Petitioner.

Mr. Burt H. Clingan, for Respondent.

LOCKWOOD, J.—This is an appeal by L. G. Doby, hereinafter called petitioner, from an award of the Industrial Commission of Arizona, hereinafter called respondent, denying him increased compensation for an injury previously sustained by him. The case has been before us previously (*Doby* v. *Miami Trust Co.*,

39 Ariz. 228, 5 Pac. (2d) 187), and, in order that this opinion may be intelligible, it is necessary that we review the facts to some extent from the beginning.

Petitioner originally filed a claim for compensation in December, 1928. Various hearings were had thereon, and on May 27th, 1929, respondent paid the petitioner some $1,668, in consideration of a release of all further claims for compensation.

Thereafter and on March 30th, 1931, petitioner filed an application for a rehearing of his claim on the ground that, after the agreement of release aforesaid, his condition had grown progressively worse as a result of the injuries on which the original claim was based. The commission, believing that it had lost jurisdiction of the matter, refused to grant a rehearing and petitioner brought this refusal before us in the proper manner.

After a consideration of all the facts and the law in the premises, we held that the commission had no authority to compromise a claim under the compensation law, and must determine it judicially in accordance with the provisions of the law, but that, under the circumstances of the case, the payment and release aforesaid was in effect a finding by the commission that the injury complained of was compensable and the amount paid an award under the act. We further held that such being the case petitioner might legally ask for an increase of compensation under the provisions of section 1447, Revised Code of 1928, and that it was the duty of the commission to investigate the situation in the manner provided in such section, and, assuming as a matter of law that the case was originally a compensable one, make such further award as the law and evidence justified.

Section 1447, under which this application for readjustment of compensation was made, reads as follows, so far as material in this case:

"§ 1447. An employee entitled to compensation shall file with the commission his application therefor together with the certificate of the physician who attended him. . . . *Like application shall be made for an increase or rearrangement of compensation. No increase or rearrangement shall be operative for any period prior to application therefor,* and any such increase or rearrangement shall be within the limits and classifications provided herein. No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued." (Italics ours.)

It is the first contention of respondent that under such section the application for an increase of compensation must be made within one year from the time the original accident occurred, and that, since such application in this case was made over two years after such original accident, it is without jurisdiction to make an award. We have considered this matter in the case of *Zagar* v. *Industrial Commission, ante,* p. 479, 14 Pac. (2d) 472, just decided, and held therein, in substance, that it was the original application which must be made within a year from the date of the original injuries, and that such application and an award of compensation based thereon continued jurisdiction in the commission to consider applications for an increase or re-arrangement of compensation at any time after the original award. The commission, therefore, had jurisdiction to consider the application of petitioner for an increase or re-arrangement of compensation, made March 30th, 1931, notwithstanding the fact that such application was filed more than a year after the original injury and the original award.

The next question is what the commission must consider on such application. We held impliedly in the first appeal of the present case, and specifically in the Zagar case, that "an unreversed award must be treated as full compensation and unless subsequent

thereto new ailments and new disabilities flowing from the injury are shown the award is final."

Such being the law, the first and vital question for the consideration of the commission was whether or not the condition of petitioner on and after March 30th, 1931, had become worse than it was on May 27th, 1929, since it is conclusively presumed that the original award compensated him fully for his condition as it existed from the time of the accident up to the date of the award. On this point the finding of the commission was as follows:

"Findings

"1. That the evidence is insufficient to establish that disability from which the applicant is now suffering entitles said applicant to any increase or rearrangement of his compensation, but rather *shows conclusively that his condition as of March 30, 1931, and subsequent thereto,* whether or not chargeable to injury *is materially better than at any time since the date of said injury.*" (Italics ours.)

It is urged by petitioner that this is rather a conclusion of law than a finding of fact and that it is not supported by the evidence. Since the primary question of ultimate fact to be determined was whether or not petitioner's condition at the time of, and subsequent to, the petition for rehearing had become worse than it was at the date of the original award, we think the finding that the evidence "shows conclusively that his condition as of March 30th, 1931, and subsequent thereto, whether or not chargeable to injury is materially better than at any time since the date of said injury" is not merely a finding that petitioner had failed to prove affirmatively that his condition is worse, but a finding that the evidence shows specifically it is better. The finding is not, therefore, a conclusion of law but a finding of ultimate fact as to the condition of petitioner.

Is such finding supported by the evidence? Three doctors testified in substance that petitioner's condition, as far as the injuries complained of are concerned, was better than it had been at any time after the injury. Such being the case, there was evidence in the record from which the commission could make the finding which it did, and as we have stated repeatedly, if any reasonable testimony supports a finding of the Industrial Commission, we are bound to follow such finding in the same manner as we do the findings of a trial judge or the verdict of a jury. *Blankenship* v. *Industrial Com.*, 34 Ariz. 2, 267 Pac. 203; *Federal Mutual Liability Ins. Co.* v. *Industrial Com.*, 31 Ariz. 224, 252 Pac. 512; *Johnson* v. *T. B. Stewart Const. Co. et al.*, 37 Ariz. 250, 293 Pac. 20; *Di Paolo* v. *Calumet & Arizona Mining Co.*, 36 Ariz. 347, 285 Pac. 680.

Under the foregoing facts and the law applicable thereto, there is but one judgment we can render. It may be, as suggested by counsel for petitioner and indeed acquiesced in by counsel for respondent, that petitioner has received less compensation than he might have received had the law been better understood by all the parties at the inception of this case and other procedure been followed. Be that as it may, we are bound by the law as it is, and cannot allow our individual feelings on that point to influence our judgment. The award is necessarily affirmed.

McALISTER, C. J., and ROSS, J., concur.