[Civil No. 3423.   Filed February 5, 1934.]

[29 Pac. (2d) 142.]

HARTFORD ACCIDENT & INDEMNITY COMPANY, a Corporation, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA and ERNEST E. ROBERSON, Respondents.

Mr. Robert McMurchie and Mr. William G. Christy, for Petitioner.

Messrs. Moeur & Moeur, for Respondent Roberson.

ROSS, C. J.—This proceeding in *certiorari* is prosecuted by the Hartford Accident & Indemnity Company, the insurance carrier, to review an award of compensation to Ernest E. Roberson for an injury

sustained by him while working for the United Concrete Pipe Corporation. On April 29, 1931, while Roberson was cranking a gasoline motor, it kicked back, causing the crank handle to strike him across the mouth, inflicting a severe puncture entirely through the lower lip. On April 29th the wound was dressed and treated by Dr. Harry J. Felch and without any surgical or further medical attention or care it healed. Later there appeared on the site of the scar on his lip a sebaceous cyst. This was removed by Dr. Felch in February, 1932. Another growth appeared on his lip later on which was pronounced by the medical experts to be a ''squamous cell carcinoma.'' This was removed in March of 1933 by Dr. Norman A. Ross. Because of the cancerous condition, on April 3, 1933, ''a radical dissection'' of the lip was done by the removal of a V-shaped piece of tissue, including all of the infected area, and this was followed by therapeutic X-ray treatments. The last operation left a permanent scar.

Roberson lost no time from his work on account of the injury except the one day immediately following the blow from the crank handle. He did not work from March 13 to April 30, 1933, on account of the operation of April 3, 1933. His ability to work and earn wages was not impaired by reason of the blow. He suffered, however, a permanent disfigurement of his face because of the injury to his lower lip.

May 4, 1931, Dr. Harry J. Felch filed with the Industrial Commission his report of the injury showing his treatment thereof. The employer filed its report July 22, 1931, and the insurance carrier its report on the accident July 30, 1931. Roberson filed no report and made no claim for compensation on account of his injury until May 11, 1933. No complaint is made of his failure to file report of the accident with the commission.

The commission's findings and award, dated June 9, 1933, are as follows:

### "Findings.

"1. That the above-named applicant, while employed in the State of Arizona by the above-named defendant employer, who was insured against liability for compensation under said law by the above-named defendant insurance carrier, sustained an injury by accident arising out of and in the course of his said employment on April 29th, 1931, which injury caused temporary disability entitling said applicant to compensation therefor in the total sum of $130.99 for the period 3/13/33 to 4/30/33.

"2. Said injury caused also a permanent partial disability entitling said applicant to compensation therefor in the sum of $54.00 monthly for a period of 5 months.

### "Award.

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. The sum of $130.99 payable forthwith;

"2. The additional sum of $54.00 monthly, for a period of five months, the first payment to be made on June 29th, 1933."

A motion for a rehearing was duly made and granted, but the commission refused to modify or change its award, and the matter is here for review.

It is contended by petitioner (1) that the commission exceeded its jurisdiction in making the award, for the reason that respondent did not file a claim for compensation "within one year after the day upon which the injury occurred or the right thereto accrued"; and (2) because it was not found as a fact at the time of the injury that the employer had in its service three or more regularly employed workmen or operatives.

The Workmen's Compensation Act, section 1447 of the Revised Code of 1928, provides that "An employee entitled to compensation shall file with the

commission his application therefor together with the certificate of the physician who attended him. . . . '' Also: ''No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued.''

The commission's finding is that respondent ''sustained an injury . . . on April 29, 1931, which injury caused temporary disability,'' and from said finding it concluded respondent was entitled to temporary compensation for the period from March 13, 1933, to April 30, 1933, and to compensation for permanent partial disability for five months from June 29, 1933. While the findings do not disclose what the permanent partial disability was for which compensation was given, the record shows it was on account of permanent disfigurement of respondent's face. If the claim is for the injury inflicted on April 29th, compensation should be denied because it was filed too late, and because the evidence shows that such injury was not compensable. Under the statutes, section 1441, compensation is not allowed unless the employee is incapacitated for more than seven days. There was no incapacity by reason of the injury of April 29th.

Treating the claim as one for disfigurement of the face, and disregarding the formal defects and omissions in the findings, and looking solely to the evidence, was the award of compensation justified under the law? The answer to this question depends upon the time when the right to a claim for disfigurement arose. Was it the date of the original injury, or in February, 1932, when the sebaceous cyst developed and was removed, or in March, 1933, when the carcinoma appeared and was removed, or when the V-shaped piece of tissue was removed in April?

It is the contention of the petitioner that the right to compensation dates from the original injury, and

that the claim should have been filed within one year from that date. Our limitation statute is taken, word for word, from the Washington statute. In *Stolp* v. *Department of Labor & Industries,* 138 Wash. 685, 245 Pac. 20, the facts were that the claimant's left eye was accidentally struck on an air compressor pipe on November 22, 1922. He consulted a physician, but neither he nor the physician at the time apprehended any serious injury from the blow. Claimant continued to work for fourteen months, when he learned for the first time that his eyesight was impaired. On May 24, 1924, and after he had lost his sight, he filed an application for compensation. This was four months after he first discovered he had lost his sight and about eighteen months after the blow. That court held that the word "injury" as used in the statute meant an accidental injury, and that the injury occurred when the effect of the accident was produced and the sight of the eye lost, and not at the time of the accident. That court adopted the rule of Indiana, Nebraska and Massachusetts, and quoted the very clear and succinct statement of the English rule made by the court in *Mills* v. *Dinnington Main Coal Co.,* 10 Butterworth's Compensation Cases 153, as follows:

"We have held, in more than one case, that you cannot require a person to give notice of an accident when it is apparently trivial, and does not deprive the man of the ability to work immediately after, and when honestly he did not think that it was anything else but a trivial knock on the leg."

In *Fec* v. *Department of Labor & Industries,* 151 Wash. 337, 275 Pac. 741, the same court, under a very similar state of facts, held that the right of action did not accrue until the claimant had lost his sight; that the injury occurred when the diseased condition culminated.

The cyst and the carcinoma on respondent's face were disfigurements, it is true, but they did not in any way incapacitate respondent to perform his work, nor were they regarded as other than temporary. The surgeon could, as he did, remove them. The permanent disfigurement was occasioned when the piece of tissue in which these abnormal growths kept recurring was cut from respondent's face. Then, and not until then, had the respondent suffered in a way from the blow on his lip that the law could compensate him for. The date of that operation is the one from which the limitation against his claim began to run.

The statute limiting the time within which the employee should file his claim for compensation was doubtless taken from the state of Washington, and the construction of it by the courts of that state appearing to be reasonable and in harmony with the general purposes of the Compensation Law is adopted by us rather than the decisions of other jurisdictions upon kindred but differently worded statutes.

Petitioner urges that in *Zagar* v. *Industrial Com.*, 40 Ariz. 479, 14 Pac. (2d) 472, and in *Doby* v. *Miami Trust Co.*, 40 Ariz. 490, 14 Pac. (2d) 476, this court construed section 1447, *supra*, as requiring the workman to file his claim with the Industrial Commission one year after the injury. In both of those cases the question was as to when an application for an increase or re-arrangement of compensation should be made, and any language used in those cases must be viewed in that light. What we said in those cases, however, in nowise conflicts with the construction of that section that we now adopt. We still hold that the claim must be filed within one year after the date of the injury if the injury is of sufficient magnitude to be compensable. But, if it is slight or trivial at the time and noncompensable and later on develops

unexpected results for which the employee could not have been expected to make a claim and receive compensation, then the statute runs, not from the date of the accident, but from the date the results of the injury became manifest and compensable. Under section 1447 an employee is not required to file with the commission an application for compensation until he is "entitled to compensation." The respondent was not entitled to compensation for the original injury because it did not permanently disfigure his face or incapacitate him to work. So of the other troubles resulting therefrom until the operation that resulted in a permanent disfigurement of his face. He was entitled to compensation when the later result was definitely known.

The statute, section 1438, part (C), subdivision (v), classifies a disfigurement of the head or face as a permanent partial disability, and provides the compensation to be paid therefor. It reads:

"(v) for permanent disfigurement about the head or face, which shall include injury to or loss of teeth, the commission may allow such sum for compensation thereof as it may deem just, in accordance with the proof submitted, for a period not to exceed eighteen months."

It appears to us that the allowance under the proof was just and fair.

The Industrial Commission's finding is no doubt, as contended by petitioner, defective in failing to find that the employer had in its service three or more regularly employed workmen or operatives, but the evidence supplies that defect.

The award is affirmed.

LOCKWOOD and McALISTER, JJ., concur.