236 P.2d 42

## FOUTZ v. PHELPS DODGE CORP.

### No. 5392.

Supreme Court of Arizona.

Oct. 1, 1951.

Leonard S. Sharman, of Phoenix, for petitioner.

Robert E. Yount, Phoenix (H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel), for respondents, Industrial Commission of Arizona.

Evans, Hull, Kitchel & Jenckes, and James Powers, of Phoenix, for defendant-employer.

PHELPS, Justice.

On June 4, 1936, petitioner Ed Foutz, while employed by the Phelps Dodge Corporation, hereinafter called the company, was injured by an accident arising out of and in the course of his employment.

Thereafter petitioner filed a claim for compensation with the Industrial Commission, hereinafter called the commission, and on May 27, 1938, an award was made by the commission in which it found that petitioner had suffered a permanent partial disability equal to 40% loss of function of the right leg entitling him to compensation in the sum of $73.36 per month for a period of 20 months.

The findings of the commission in the instant proceeding are to the effect that medical evidence, adduced prior to the award of May 27, 1938, indicated the advisability of surgery to reduce the functional impairment of petitioner's right leg, but that peti-

tioner did not wish to submit to the surgery recommended but wished rather to accept, in lieu thereof, a permanent partial disability rating.

The evidence of medical witnesses is that such operation would have reduced the functional impairment of the right leg 15% to 20% and that such operation is considered to be a minor surgical operation.

Petitioner returned to work with the company and continued in such employment, working intermittently, until December 1947. The records of the company show that he remained away from his job from December 27, 1947, to March 1, 1948, without leave and that during that period he did not consult a doctor. This conduct according to the evidence, constituted a violation of a company rule for which petitioner was discharged.

On September 27, 1949, petitioner filed an application with the commission for a reopening of his case upon the ground of a newly developed condition of his foot which he claimed flowed from the injury sustained in 1936 as a result of which he had been unable to do any work since December, 1947.

Thereafter on January 5, 1950, the commission reopened petitioner's case on the basis of new, additional and previously undiscovered disability and awarded petitioner accident benefits and compensation, if indicated, for temporary disability suffered from and after date of filing his application.

The company filed a petition for rehearing on January 24, 1950, setting forth a number of grounds therefor. which are here immaterial.

On June 6, 1950, after hearing evidence in the case, the commission rescinded its order of January 5th and reaffirmed its findings and award of May 27, 1938. The case comes to us on certiorari for review.

Petitioner claims that the findings and award of the commission of June 6, 1950, are contrary to the law and the evidence. On the other hand the company takes the position that petitioner's disability which he claims has developed subsequent to the award made in 1938 is not compensable (1) because it was included in the original rating for the reason that it resulted from petitioner's unreasonable refusal to follow recommended medical treatment; (2) because the statute of limitations has run against it.

We cannot agree with the position of the company that the limitation statute, section 56–967, A.C.A.1939, has any application to the instant case. Zagar v. Industrial Commission, 40 Ariz. 479, 14 P.2d 472, 474, and Doby v. Miami Trust Co., 40 Ariz. 490, 14 P.2d 476, has settled this question. The same question was at issue in those cases and the court said in the Zagar case: " * * It results therefore that, if the applicant files his petition for compensation within a year after his injury, it confers jurisdiction on the commission to hear and determine his right to compensation, and, upon the prop-

er application and proof, power to increase or rearrange the compensation or death benefits."

The court further stated that: " * * * The original award was not final * * * the commission not only had the right, but it was its legal duty to retain jurisdiction of the case for further action and award if the facts should so warrant. * * * "

In the case of Hartford Accident & Indemnity Co. v. Industrial Commission, 43 Ariz. 50, 29 P.2d 142, the court pointed out that it had this very question under consideration in the Zagar and Doby cases, supra.

The portion of section 56–967, supra, upon which the company and the commission rely in support of their petition that the statute of limitation has run against petitioner's claim for readjustment is as follows: " * * * No application shall be valid or claim thereunder enforceable unless filed within one (1) year after the day upon which the injury occurred or the right thereto accrued."

This portion of the statute was interpreted in Hartford Accident and Indemnity Company v. Industrial Commission, supra, to mean that where an injury occurs, arising out of and in the course of employment, if the injury is slight or trivial at the time and noncompensable and later develops unexpected results for which the employee could not have been expected to make claim and receive compensation, then the statute runs, not from the date of the accident but from the date the results of the injury become manifest and compensable. Otherwise the statute, of course, begins to run from the date of injury. In the instant case, the injury was serious and compensable at the time the accident occurred, therefore the injury and the accrued right to claim compensation therefor occurred at the same moment. It is not, and could not now be contended that the original claim for compensation was not filed in due time.

■ It is clear to us that the one-year limitation in the above statute has no application to a petition for reopening a case for after-developed disabilities where the commission has already assumed jurisdiction and still retains it to take care of such contingencies.

The next question is: Are the findings and award of the commission contrary to the law and the evidence? We think not.

Section 56–958, A.C.A.1939, provides that: "No compensation shall be payable for the * * * disability of an employee * * * insofar as his disability may be aggravated, caused or continued by an unreasonable refusal or neglect to submit to or follow any competent and reasonable surgical treatment or medical aid."

The evidence is indisputable that surgical treatment was recommended to petitioner designed to reduce the functional impairment of his right leg and that he declined

354

to submit to such surgery preferring to accept compensation upon the basis of a 35% to 40% permanent partial disability of the right leg. Compensation was awarded on the basis of the higher percentage of disability.

 The commission, in denying petitioner's application to reopen the case and reaffirming its original findings and award, must be conclusively presumed to have found that the recommendations for medical treatment were reasonable and that petitioner's refusal or neglect to submit to the surgery recommended was unreasonable. It expressly found that he accepted a disability rating based on a 40% loss of function of the right leg in lieu of the benefit of a corrective operation and that his condition was therefore not new, additional or previously undiscovered.

We are bound by the findings of the commission if supported by reasonable evidence or where there is a conflict in the evidence. There is but slight conflict in the evidence relating to the reasonableness of the recommended surgery and the evidence reasonably supports the findings and award of the commission.

Award Affirmed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.