**Darlene HACKLER
(Povenmire), Petitioner,**

v.

**SPEED PARTS WAREHOUSE,** Fireman's Fund Insurance Cos. and the Workers' Compensation Court, Respondents.

**No. 66088.**

Supreme Court of Oklahoma.

June 20, 1989.

Jeffrey R. Schoborg, Messrs. Blackstock, Joyce, Pollard and Montgomery, Tulsa, for petitioner.

Walter M. Bower, Robinson and Bower, Inc., Oklahoma City, for respondents.

OPALA, Vice Chief Justice.

The dispositive issue on review is whether the worker's compensation claim for a job-related injury is time-barred. We answer in the affirmative.

I

THE ANATOMY OF LITIGATION

Darlene Hackler [worker] was injured on *January 7, 1975* in a job-related accident when she fell from a seven-foot shelf. The worker immediately reported the mishap to Speed Parts Warehouse [employer] and then went to a nearby clinic for treatment.[1] She returned to work a few days later. Her employment ended on February 3, 1975. She was paid temporary disability benefits in January 1975. The employer defrayed her medical bills in February of that year.

Over the next few years, the worker noticed physical discomfort in her back, hip, leg and foot. According to her testi-

1. The worker testified she was "real sore" for a    few days after her accidental fall.

mony, she consulted a physician in *1980* about these conditions, *which she attributed to the 1975 fall.* In October *1984* she sought help from another doctor; this time she was hospitalized with a diagnosis of hypertension and an "ascending dissecting abdominal aneurysm".

The worker, who commenced a compensation proceeding on *April 9, 1985*—more than ten (10) years after the accidental fall of *January 7, 1975*—pressed a claim for injuries to her kidneys as well as to her renal and aortic arteries.[2] The trial judge awarded her temporary total disability and ordered the employer to pay all reasonable and necessary medical expenses incurred as a result of the 1975 accident. A three-judge review panel vacated the order, concluding that the claim was time-barred by the compensation law's limitation in effect when the accident occurred.

## II

### THE WORKER'S COMPENSATION CLAIM IS BARRED BY *85 O.S.1971 § 43* FOR FAILURE TO FILE A TIMELY CLAIM

The worker urges the limitation period began to run when she became aware of the exact nature and the *full extent* of injuries caused by her 1975 accident. We cannot accede to her argument. Applying the authority and rationale of our recent pronouncement in *McDonald v. Time–DC, Inc.*,[3] we hold that this worker's *1985 claim* for her *1975 accidental injury* is time-barred by the provisions of 85 O.S. 1971 § 43[4]—the statute in effect at the time of the worker's accident—for failure to file a proceeding within one year of February 1975, the date the employer last paid her medical expenses.[5]

The record is crystal-clear that the worker was instantly aware of having sustained an accidental on-the-job fall. She *is* hence charged with *legal awareness of both the present as well as any potential harm* that may result from that compensable event. The worker's asserted lack of *earlier* knowledge of the full extent of her developing, or yet-to-unfold, disability is utterly irrelevant. It did not prevent the applicable § 43 limitation period from being

2. The worker did not file a claim for injuries to her back, hip and legs.

3. Okl., 773 P.2d 1252 (1989).

4. The terms of 85 O.S.1971 § 43 provided in part:
   "*The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury* or death, *a claim for compensation thereunder shall be filed* with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation. * * *" [Emphasis added.]
   Section 43 was later amended in 1977, 1985 and 1986 [Okl.Sess.L.1977, Ch. 234, § 31, eff. July 1, 1978; Okl.Sess.L.1985, Ch. 266, § 4, eff. Nov. 1, 1985; Okl.Sess.L.1986, Ch. 222, § 17, eff. Nov. 1, 1986].

5. Employer–provided medical care operates to extend the statutory interval for filing a compensation claim. *Smedley v. State Indus. Court,* Okl., 562 P.2d 847, 849–850 [1977]; *Cinderella Motor Hotel, Inc. v. Wallace,* Okl., 506 P.2d 556, 557 [1973]; *Sooner Rock & Sand Company v. Donaho,* Okl., 421 P.2d 844 [1966].

Much like the 1971 version—which we apply to this claim—*the current text of 85 O.S.Supp.1986 § 43* also provides for tolling of statutory limitations by the employer's payment for medical treatment. The pertinent terms of the 1986 version are:
   "The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, *a claim may be filed within two (2) years of the last payment of* any compensation or remuneration paid in lieu of compensation or *medical treatment which was authorized by the employer or the insurance carrier.* * * *"
Because *in this case* the employer paid the worker's 1975 medical bills as well as her temporary disability benefits for January of that year, the limitation began to run from the date of the employer's last payment rather than from the accident. The worker's 1985 claim was brought *long after* the expiration of one year from the former event.

triggered.[6]

THE ORDER OF THE REVIEW PANEL OF THE WORKERS' COMPENSATION COURT IS SUSTAINED.

HARGRAVE, C.J., and HODGES, LAVENDER, SIMMS and DOOLIN, JJ., concur.

WILSON, J., concurs in result.

KAUGER and SUMMERS, JJ., dissent for the reasons expressed by

Summers, J., in *McDonald v. Time–DC, Inc.,* Okl., 773 P.2d 1252 (Summers, J., dissenting) (1989).

---

6. *McDonald v. Time–DC, Inc., supra* note 3.