Gary Wayne **SEATON**, Petitioner,

v.

**PLASTI–MAT, INC., CNA Insurance Company, and the Workers' Compensation Court, Respondents.**

**No. 70477.**

Supreme Court of Oklahoma.

April 28, 1992.

---

Harry V. Rouse, Tulsa, for petitioner.

Paul V. McGivern, Jr., Tulsa, for respondents.

SIMMS, Justice:

The issue on review is whether the Claimant's workers' compensation claim for a job related injury was time barred?

Gary Wayne Seaton, Claimant, was injured on October 21, 1976, in a job related accident. A forklift he was standing on accidentally crushed him against a wall when his foot slipped off the pallet and caused the forks to engage. The employer, Plasti–Mat, (respondent) had Seaton taken to a hospital by ambulance where he was treated for two days and released. Subsequently, claimant returned to work and resumed normal activity.

The claimant's medical expense for the original treatment and the entire period of recovery was paid by respondent, (Plasti–Mat) through CNA Insurance Company. On May 27, 1977, the claimant underwent an aorotofemoral by-pass graft surgery to repair circulatory problems in his left leg that were linked to the October, 1976, accident. Claimant's medical expenses for this six week period including surgery and recovery were paid by the employer.

Seaton returned to work and resumed normal activity for approximately one year at which time he left employment with Plasti–Mat and accepted employment with

Meadowbrook Country Club. The record reveals that during Seaton's remaining employment with Plasti–Mat after the 1976 accident, no Form 3 was filed, and all his medical expenses were covered by employer.

In 1982 while working for Meadowbrook, Seaton once again experienced problems in his left leg and underwent another arterial by-pass graft. This surgery was related to the original injury from the 1976 accident. Again, claimant returned to work and resumed normal activity. Expenses for the 1982 surgery were paid by Seaton's Meadowbrook group insurance plan.

In 1986 Seaton again experienced problems with the same leg. The leg had deteriorated substantially, and it was determined that the leg needed to be amputated below the left knee. In October of 1986, 10 years after the original injury, claimant's left leg was amputated just below the knee. Claimant filed his Form 3, Workers' Compensation Permanent Disability Claim against respondents on February 11, 1987.

The trial court found that Seaton sustained a job related injury in 1976, and that he was temporarily totally disabled for six weeks for which he received compensation. The trial court denied claimant benefits for permanent disability for the reason that 85 O.S.1971, § 43, provided a one year limitation in which to file a claim for the 1976 accident, and that no action by the parties had been taken to toll the statute or preserve claimant's rights.

Seaton appealed, claiming the trial court misapplied § 43 by not holding the one year limitation was tolled by the awareness doctrine. The three judge Workers' Compensation Panel affirmed the trial judge, holding the claim was time barred. The Court of Appeals, Division IV, reversed and remanded basing its decision on two reasons. First, that it is manifest injustice to deny benefits for permanent disability since the claimant could not have been *aware* that his leg would be amputated at the time of the original accident. Second,

that upon the original surgery, the employer represented they would take care of all medical expenses and a lawyer would not be necessary.

For the reasons below, we vacate the opinion of the Court of Appeals, and reinstate the decision of the Workers' Compensation Court.

## I. THE AWARENESS DOCTRINE

■ The awareness doctrine as related to a single event injury like the claimant's has been previously defined in Oklahoma. In *McDonald v. Time, D.C.*, 773 P.2d 1252 (Okla.1989), this Court discussed at length the awareness doctrine as related to single event injuries. A single event injury was defined as an injury which can be identified with an occurrence that is injurious from which some ill-effect will be, or should be, recognizable immediately. *Id.*, at 1256.

■ The Court stated that when a worker knows that a single event industrial accident has taken place that the worker is charged with *awareness* of its occurrence. The awareness of the present as well as any potential harm that may result from the single event injury is therefore charged to the employee at the time the employee knows or should have recognized some ill-effect from the accident.

■ The time limitation in which to file a claim for a single event injury is set out in 85 O.S.1971, § 43, and begins from the time the employee is charged with legal awareness. *Id.* at 1257. That point is coincidental with the injury of which the worker knew or should have known.

The law to be applied in the present case is 85 O.S.1971, § 43, which was recently applied in *Hackler v. Speed Parts Warehouse*, 775 P.2d 1362 (Okla.1989). The facts in *Hackler* are closely analogous to the present case. The Court applied § 43 to bar the 1985 claim of a woman who was diagnosed permanently disabled in 1984 as a result of a job related accident that occurred in 1975.

In *Hackler*, all the petitioner's medical expenses immediately following the accident were paid by her employer, and there was no Form 3 filed within one year of the accident or the date of the last payment of medical benefits related to the accident.[1] The Court cited *McDonald* and held that from the time of the accident, employee was charged with legal awareness of both present as well as potential harm that results from a single compensable event. *Id.*, at 1363. Without a Form 3 being filed within the statutory time limitation, the claimant's rights to compensation lapsed.

▮ *Hackler* can be directly applied to this case. The trial court found that Seaton was aware of his injury at the time he was crushed by the forklift and taken to the hospital. Obviously claimant could not know that his leg would be amputated, however, 85 O.S.1971, § 43, states that a claim must be filed within One Year of the accident or the date of the last payment of medical benefits related to the accident.

If Seaton had filed a Form 3 or other claim before August, 1978, his rights would have been preserved until at least 1983, as the employee would have the right to a rehearing on disability benefits within five years. This was not the case, and as in *Hackler*, a worker's asserted lack of knowledge of a yet to unfold disability is irrelevant. *Hackler*, at 1363.

## II. EMPLOYER'S REPRESENTATION

▮ The Court of Appeals also based its finding for the claimant on the respondent's reassurance that all medical expenses would be taken care of and there was no need for a lawyer. The Court of Appeals held that these uncontroverted circumstances took the case outside the purview of *McDonald*.

This finding is incorrect for two reasons. First, the issue before the Court of Appeals, and this Court, was preservation of rights in relation to the awareness doctrine, not misrepresentation or fraud. Moreover, the language of § 43 is clear and is the law to be applied in this case without exception. *Hackler*, at 1363.

As in *Hackler*, supra, employer paid for "everything", his medical expenses as well as temporary disability benefits for the time period he was treated for the original injury. The limitation began to run upon the last medical payment rather than from the time of the accident, and Seaton's claim was brought long after the expiration of a year beyond the last medical payment. The claim is time barred, as claimant's rights are not preserved.

The Order of the Workers' Compensation Court is SUSTAINED.

OPALA, C.J., HODGES, V.C.J., and LAVENDER and HARGRAVE, JJ., concur.

ALMA WILSON, KAUGER and SUMMERS, JJ., dissent.

SUMMERS, Justice, dissenting.

Gary Wayne Seaton's leg was injured in 1976. He was taken to a hospital, treated, released, and went back to work. As a result of the injury he had surgery to improve his circulation in 1977 and again in 1982, all of which was paid for by his employers' insurance. Again he returned to work and resumed normal activity. Finally in 1986 the doctors decided the leg must come off, and it did. When Seaton then filed his Form 3 to recover compensation for amputation of his leg he was (and is) told by the courts that there will be none, that the statute of limitations has run on his claim.

My dissent in *McDonald v. Time–DC*, 773 P.2d 1252 (Okla.1989), need not be re-

---

**1.** 85 O.S.1971, § 43, provided in part: "The right to claim compensation under this Act shall be forever barred unless within One (1) Year after the injury or death, a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within One (1) Year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

peated here, but it foretold of cases such as this one and other injustices that will certainly be endured by some other unfortunate Oklahoma workers unless and until the *McDonald* doctrine is replaced by one more legally sound. This case graphically demonstrates the unfairness visited on these claimants whose true injuries are not immediately apparent after an accident. All workers of this State should now be aware that after an accident a compensation claim must be filed to protect the worker's right to compensation for an injury, the full extent of which is unknown—even when the employer pays the immediate expenses, as in today's case, and even if the employee continues to perform as usual on the job.

Professor Larson writes that under the type of statute used in Oklahoma "there is now almost complete judicial agreement that the claim period runs from the time the compensable injury becomes apparent." 3 A. Larson. The Law of Workmen's Compensation, § 78.42(a), 15–263 (1988).[1] I would hold that the date of an "injury", for the purpose of starting the limitations clock, is the date the claimant was, or should reasonably have been, aware of the compensable injury for which he seeks compensation.

Compensation for an injury in the form of a loss of a member of the body can first be prosecuted to a successful result when that member is in fact lost. The claimant's leg was amputated on November 22, 1986, and it is that date, or the date on which Seaton first knew that an amputation was necessary, if earlier, that should have begun the limitations period for Seaton's claim. The claim was filed in February 1987 and should not be barred by limitations.

The rule of law established by *McDonald* has ironic consequences. On the one hand it eliminates some claims of workers truly injured on the job such as Seaton. On the other hand it invites a great number of claims by workers who have suffered a bump or a bruise [2] and must file a claim or risk losing compensation should the bump or bruise turn out later to be serious. If for no other reason than the keeping of a manageable docket of compensation claims, we would be well advised to reverse the majority's holding in *McDonald*, and hereafter rule that the statute of limitations runs from the time the worker knows or should reasonably know that he has sustained a compensable injury.

I am authorized to state that Justice KAUGER joins in these views.

---

1. For examples see: *Hartford Accident & Indemnity Co. v. Industrial Commission,* 43 Ariz. 50, 29 P.2d 142 (1934); *Donaldson v. Calvert McBride Printing Co.,* 217 Ark. 625, 232 S.W.2d 651 (1950), *Woodward v. ITT Higbie Mfg. Co.,* 271 Ark. 498, 609 S.W.2d 115 (App.1980); *Bogdon v. Ramada Inn, Inc.,* 415 N.E.2d 767 (Ind.App. 1981); *John Deere Dubuque Works v. Meyers,* 410 N.W.2d 255 (Iowa 1987); *Potter v. Midland Cooperatives, Inc.,* 248 Minn. 380, 80 N.W.2d 59 (1956); *Rosa v. George A. Fuller Co.,* 74 R.I. 215, 60 A.2d 150 (1948); *Bearshield v. City of Gregory,* 278 N.W.2d 164 (S.D.1979); *Acme Body Works v. Industrial Commission,* 204 Wis. 493, 234 N.W. 756 (1931); *Big Horn Coal Co. v. Wartensleben,* 502 P.2d 187 (Wyo.1972).

2. The majority in *McDonald* used the term "ill effect": "Some ill effect, however trivial, will be or should be recognizable immediately." *Id.* at 1256.