Jessie M. RAMSEY, Petitioner,

v.

WEYERHAEUSER, Own Risk, and the Workers' Compensation Court, Respondents.

No. 79219.

Supreme Court of Oklahoma.

May 11, 1993.

Rehearing Denied June 22, 1993.

Richard A. Bell, Norman, for petitioner.

Jacque Jeffries Brawner, Brawner & Brawner, Oklahoma City, for respondents.

ALMA WILSON, Justice:

The sole issue in this case involves whether or not the two-year statute of limitations found in 85 O.S.1991, § 43, applies to bar the petitioner's right to claim compensation under the Workers' Compensation Act. If her injury were the result of a single event, her right to claim compensation is barred. If she suffered a repeated trauma as she asserts, her claim is not barred. We hold that the petitioner suffered a repeated trauma, and may pursue her claim.

The petitioner was employed by the respondent, Weyerhaeuser, for sixteen years. In her Form 3, she alleged repetitive trauma. For the last ten of those years, she was a dry and resin operator. Her duties included checking the temperature of a dryer, which dried the material inside a tube. If the material became too dry, a fire would result. She testified that her job required her to crawl into a tube after fire inside the tube had burned the resin lining into a hard material. The tube was just large enough to crawl through, but not large enough for a person to stand. After a fire in the tube burns the resin it becomes quite hard. She testified that the repetitive crawling caused cumulative injury to her right knee. She eventually had to wear a knee pad while in the tube to alleviate the pain she suffered from crawling in the pipe. According to the petitioner, her knee did not begin to hurt until several years after she began performing her duties at her job. She never testified that there was a specific accident, at which time her knee began to hurt. To the contrary,

when asked why she did not report this injury, she replied, "It wasn't cut or broke or anything broken." Where she had other accidents that she had reported, an event happened to cause an injury, as when she got a piece of metal in her eye or where she dropped a piece of metal on her foot cracking a bone. Although the petitioner was not articulate in her description, she was describing cumulative injury to her knee, not one that occurred during a specific event or time. Thus, under her testimony she sustained cumulative injury to her knees from crawling inside the tube during the ten years before she left the employ of the respondent.

Title 85 O.S.1991, § 43(A) provides in pertinent part: "[W]ith respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of the last trauma or hazardous exposure." The petitioner left her employment on February 23, 1990, according to her testimony, and filed her claim on May 2, 1991. If she suffered cumulative-trauma injury, as she argues, then her injury continued until her last day of employment. Her claim would be timely.

The petitioner's medical report stated that the injury was caused by "job related repetitive trauma." The respondent's medical report states that the petitioner "sustained no permanent impairment to her right knee from this injury." The trial court in its order found:

> THAT the claimant testified that she knew that she injured her RIGHT KNEE, from crawling in a pipe *on several occasions* while performing her job at respondent, more than two (2) years prior to filing her claim in this case; and that, she reported the injury to her supervisor (and co-workers) at that time. [Emphasis added.]

Accordingly, the trial court's denial of benefits under 85 O.S.1991, § 43(A) is predicated on a finding that the worker sustained a single-event injury. But the petitioner contends that her crawling on her knees over a period of ten years resulted in cumulative trauma, rather than a single-event injury.

Accordingly, she had a difficult time setting a date for when she noticed the pain to her knee: "a year or so" before leaving the plant; "within the last year or two" before she left the plant; and "within the last two years or three years" before leaving the plant. Such testimony is consistent with the difficulty setting a date on an injury that is a classic example of cumulative trauma. She reported other injuries at the time they occurred. Counsel for the respondent, in the course of cross-examination, even reported the dates of those injuries. But a date could not be supplied for the injury being considered by the workers' compensation court. If the petitioner sustained cumulative trauma, dating the first occurrence of pain would be difficult, and so her testimony shows a consistency.

*Munsingwear, Inc. v. Tullis*, 557 P.2d 899, 903 (Okla.1976), holds that an accidental injury need not result from one particular event, but may be the cumulative effect of trauma, or casualty, occurring at different times and over an extended period. The worker in that case became ill from breathing fumes resulting from a hot sewing needle when she sewed certain dyed fabrics. The respondent cites *McDonald v. Time–DC, Inc.,* 773 P.2d 1252, 1256 (Okla.1989) and *Seaton v. Plasti–Mat, Inc.,* 830 P.2d 1365, 1367 (Okla.1992), for the definition of a single-event injury. It is one that can be identified with an occurrence that is injurious from which some ill effect will be or should be immediately recognizable. In *McDonald,* the worker was injured on October 7, 1977, in an automobile accident. In *Seaton,* the worker was injured on October 21, 1976, when a forklift on which he was standing crushed him against a wall. They both have injuries related to a specific event.

But there is no evidence before the workers' compensation court nor is it asserted in the Form 3 that on a specific occasion the petitioner injured her right knee, and that the condition merely worsened. The evidence before the trial court is that the petitioner's awareness began to grow about a knee that was bothering her as a result of her job requirements of crawling in the tube. The Form 3 description of the

injury is "[r]epetitive trauma from climbing up and down stairs, crawling on knees in tubes." This testimony, which is not refuted, better fits the *Munsingwear* case than the *McDonald* and *Seaton* cases. There is no evidence asserted that her injury is related to a single event that was aggravated by her continuing duties on the job.

In *AMF Tubescope Co. v. Hatchel*, 547 P.2d 374 (Okla.1976), the employer asserted a statute of limitations defense and the time period to apply. This Court held that workers' compensation statutes should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded. *AMF Tubescope Co.*, 547 P.2d at 379. Obviously, on cumulative trauma, an initial trauma occurred at some time. Title 85 O.S.1991, § 43(A) employs the term "repeated trauma." This implies a series of traumas. That statute states that the claim may be filed within two years of the date of the last trauma. The claimant's medical report gives a history of frequently climbing ladders and crawling in the tubes for periods of a few minutes to eight hours to perform her work as a resin operator. We conclude that the statute of limitations pertaining to single-event injuries is inapplicable as there is a lack of any competent evidence to support this finding. The claim is timely. This claim is remanded for hearing on the merits.

CERTIORARI PREVIOUSLY GRANTED. COURT OF APPEALS OPINION VACATED. ORDER OF TRIAL COURT VACATED AND REMANDED.

HODGES, C.J., LAVENDER, V.C.J., and OPALA, KAUGER and SUMMERS, JJ., concur.

SIMMS, HARGRAVE and WATT, JJ., dissent.