SUPREME COUNCIL AMERICAN LEGION OF HONOR v. GOOTEE.

(Circuit Court of Appeals, Fourth Circuit.    November 1, 1898.)

No. 263.

BENEFIT INSURANCE — NONPAYMENT OF ASSESSMENT — REINSTATEMENT — CONSTRUCTION OF BY-LAWS.

The by-laws of a beneficial association required all assessments to be paid on or before the last day of the calendar month in which they were made, in default of which payment a member should stand. suspended; also that a suspended member, to become reinstated, must pay all sums called for before the date of reinstatement "within 60 days from the date of suspension." Held, that a member was not suspended for nonpayment of an assessment until the 1st day of the month succeeding that in which it was made, and that he had 60 days, excluding that day. within which to become reinstated; and hence a member, who failed to pay an assessment made in August. by paying all arrearages on the 31st day of October following, became reinstated.

In Error to the Circuit Court of the United States for the District of Maryland.

This was an action by Rachel S. W. Gootee against the Supreme Council American Legion of Honor to recover on a benefit certificate. From a verdict and judgment in favor of the plaintiff, defendant brings error.

Alfred J. Carr and Olin Bryan, for plaintiff in error.

Thomas Ireland Elliott and Charles F. Harley, for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and WADDILL, District Judge.

GOFF, Circuit Judge.   The Supreme Council American Legion of Honor issued on March 14, 1888, its benefit certificate No. 111,588 to Kelly Gootee, who thereafter, on the 17th day of January, 1897, departed this life, and, the said supreme council having refused to pay to the beneficiary named therein, Rachel S. W. Gootee, the sum of $5,000, as provided for by said certificate, she instituted this action at law in the circuit court of the United States for the district of Maryland, she being a citizen and resident of that state, and the defendant being a corporation organized and doing business under the laws of the state of Massachusetts.   The said certificate reads as follows:

"This is to certify that Kelly Gootee is a companion of the American Legion of Honor, said companion having made application for six degree membership to Patapsco Council, No. 382, A. L. of H., instituted and located at Baltimore, in the state of Md., and passed the requisite medical examination, and been duly initiated into said council, and this certificate is issued to said companion as an evidence of the facts in it contained, and as a statement of the contract existing between said companion and the Supreme Council American Legion of Honor.   In consideration of the full compliance with all the by-laws of the Supreme Council A. L. of H. now existing or hereafter adopted, and the conditions herein contained, the Supreme Council A. L. of H. hereby agrees to pay Rachel S. W. Gootee, wife, 24—25, funeral benefit, 1—25 of five thousand dollars, upon satisfactory proof of the death, while in good standing upon the books of the supreme council, of the companion herein named, and a full receipt and surrender of this certificate, subject, however, to the conditions, restrictions, and limitations following: First. That all statements made by the companion in the application for membership, and all answers to the questions contained in the medical examination, are in all respects true, and shall be deemed and taken to be express warranties.   Second. That said companion shall have paid all assessments called to the benefit fund within the time and in the manner required by the by-laws of the supreme council in force at the time of the issuance of this certificate, or as the same may be hereafter amended.   Third. That all moneys which the Supreme Council American Legion of Honor may advance against this certificate by way of a relief benefit to the companion named herein for sick or disability benefits, under existing or hereafter enacted by-laws or regulations, may be deducted, at the death of the companion, from the amount payable to the beneficiary named herein.   Fourth. That the amount designated by said companion in his application for membership, and stated herein. as a funeral benefit, may be deducted at the death of the companion from the amount payable to the beneficiary herein named.   Fifth. That this benefit certificate is issued by the supreme council, and accepted by the companion herein named, for himself and his beneficiary, upon the express condition and agreement that, in the case of any false or fraudulent statement, or misrepresentation, or violation of any of the covenants herein contained, the same shall be void."

The Supreme Council American Legion of Honor declined to pay said sum to the said beneficiary, and made defense to said suit, for the reason, as claimed by it, that the certificate was, at the time of the death of Kelly Gootee, null and void, because that he had in his lifetime failed and neglected to comply with the requirements of the

by-laws mentioned therein; that by-law No. 62, which reads as follows: "On or before the last day of each calendar month every member of the order shall pay to the collector of his council, and without notice, all assessments which may have been called by the executive committee, and are payable by him during said month.   In default thereof, he shall stand suspended from membership in the order, and all benefits therein and his benefit certificate shall be void.   If the last day of any month falls on a Sunday or a legal holiday, he shall have all the next succeeding day to pay his assessments,"—had been ignored by said Kelly Gootee, in that he had failed to pay assessment No. 368, in accordance with the requirements of said by-law, which assessment had been called by the executive committee on August 1, 1896, and was due and payable by the members on or before the last day of that month, by which failure he suspended himself from membership in the order, and rendered his certificate void; and that at no time thereafter did he comply with the requirements of the by-laws so as to reinstate himself to membership as provided by by-laws Nos. 138 and 139, which are as follows:

"No. 138. A member of a council who has been suspended, to be reinstated, shall pay to the collector the full amount of arrears for dues, fines, and all assessments called on or before the date of reinstatement, within sixty days from the date of suspension, and all suspended members failing to do so within said time must make written application for reinstatement, and be reexamined, and furnish a favorable certificate from the medical examiner in form prescribed by the supreme council, duly approved by the medical examiner in chief.   The member shall also, unless reinstated within sixty days from the date of suspension, pay into the benefit fund assessments according to the rate established by the by-laws of the order for the age attained at the time of reinstatement: provided, however, that no reinstatement of a member under suspension shall occur in any case where the payment of the arrears for dues, fines, and assessments necessary to reinstate is made on the day of, or at a time after, the death of any such member.

"No. 139. No member of a council suspended for nonpayment of dues, fines, or assessments shall be reinstated in any other manner than herein provided, and any reinstatement of a suspended member by any council of the order in any other manner than herein provided shall be null and void, and any council reinstating a member in violation of this section may for such act be declared suspended by the supreme commander: provided, that no member can be reinstated who has been suspended for a longer period than one year, but may apply for admission as a new member, and, if accepted, shall be admitted under the same conditions as an applicant who has never belonged to the order: provided, however, that suspended members who have drawn relief benefits shall not be so admitted."

The plaintiff, in reply to the defendant's said defense, insisted that the certificate did not become void, and was not void at the time of the death of Kelly Gootee, for that, even though said Kelly Gootee did fail to pay the assessment No. 368 on or before August 31, 1896, and even though he may have been suspended by reason of such failure, still he was fully reinstated and restored to all rights and benefits thereof by virtue of a compliance with said by-law No. 138; and for that the defendant thereafter accepted payment of assessment No. 368, and assessments Nos. 369, 370, and 371, and thereby waived the forfeiture of said certificate, and is estopped from denying liability thereunder.   Issue having been duly joined, the case was tried to a jury, and a verdict was returned in favor of the plaintiff for the sum

of $5,170.90, for which judgment was entered against the defendant, as also for costs.

The court below instructed the jury as to the law applicable to the case, and the defendant below assigns as error the giving of said instructions. The defendant below also prayed the court to give to the jury certain instructions, which the court refused to do, and such refusal is also assigned as error. It will not be necessary for this court to consider all of the assignments of error relied upon by the plaintiff in error and argued by counsel, for reasons that will appear as we proceed with the disposition of the case. The instructions given by the court below at the request of the defendant in error, and assigned as error in this court, are as follows:

"That, in accordance with the laws of the Supreme Council American Legion of Honor, a member is not suspended from membership in said order for default in the payment of any assessments which may have been called by said defendant until the day succeeding the last day prescribed by said laws for said payment. That, in accordance with the laws of the Supreme Council American Legion of Honor, a member who has been suspended reinstates himself by paying to the collector the full amount of arrears for dues, fines, and all assessments called on or before the date of reinstatement within sixty days from the date of suspension; and in computing said sixty days the date of suspension should be excluded. That, if the jury find for the plaintiff, their verdict must be for the amount of said benefit certificate, No. 111,588, namely, five thousand dollars ($5,000), less any relief benefit which they may find were paid to him during his life, if they shall find such payment, and less the assessments No. 372, $8.40, and No. 373, $8.40, which were tendered by the plaintiff, and refused by the defendant; interest upon the same from the date of filing this suit to be allowed or withheld, in the discretion of the jury. That if the jury find that Kelly Gootee was a member of the defendant order, and the holder of benefit certificate No. 111,588, for the sum of five thousand dollars ($5,000), payable at his death to the plaintiff; and if they further find that the said Kelly Gootee, by default in the payment of assessment No. 368, due on or before August 31, 1896, stood suspended from membership in said defendant order; and if they further find that assessment No. 368 was paid on September 10th, and No. 369 was paid on October 12th, and No. 370, and all arrears for dues, fines, and all assessments called on or before October 31, 1896, were paid to the collector by the said Kelly Gootee on or before October 31, 1896; and if they further find that said Kelly Gootee paid, or caused to be paid, or tendered, or caused to be tendered, in payment, within the time prescribed for said payments, all subsequent assessments called before his death,—then their verdict must be for the plaintiff. If the jury find that L. Jeff. Milbourne was in fact the agent of the Supreme Council of the American Legion of Honor to collect and remit to said council the assessments called by it from Kelly Gootee in respect of his benefit certificate No. 111,588, now sued upon; and if the jury shall further find that said Kelly Gootee paid to said Milbourne, as such collecting agent, assessment No. 368 on September 10, 1896, and paid to him assessment No. 369 on October 12, 1896, and at that date, desiring to be fully reinstated as a member entitled to the benefit of his said certificate, inquired of said Milbourne within what time he must pay assessment No. 370 in order to be so reinstated, and was informed by said Milbourne, as such agent, that if assessment No. 370 was paid on or before October 31, 1896, it would be within the time required by defendant's laws to reinstate him as a member; and shall find that said Gootee, relying upon the said Milbourne's information, paid said assessment No. 370 on October 31, 1896; then the said Gootee was entitled to rely upon the construction put by said Milbourne, as such agent, upon defendant's law, even though the construction now contended for by the defendant as the true meaning of its law, that said assessment, in order to reinstate said Gootee, should have been

paid on October 30, 1896, instead of October 31, 1896, may be a proper construction of said law of said defendant."

It is admitted by the pleadings that Kelly Gootee, in his lifetime, because of failures to comply with the requirements of the by-laws, was suspended from membership in the order mentioned.  It was claimed by the plaintiff, but denied by the defendant below, that said Kelly Gootee was in his lifetime, under the provisions of the by-laws, duly and fully reinstated as such member, and that his certificate was not void, but in full force and effect, at the time of his death.  If he was duly reinstated as a member within 60 days from the date of his suspension, then, so far as this case is concerned, the questions relating to the estoppel of the Supreme Council American Legion of Honor from setting up the claim of forfeiture of the benefits of said certificate because of the action of its agents are not material, and the assignments of error based thereon need not be considered.  Assessment No. 368 was made by the executive committee on the 1st day of August, 1896, and, under the by-laws, was payable by Kelly Gootee on or before August 31, 1896.  We think he had all of that day in which to make said payment.  If he had died on that day, at the last moment of time preceding September 1st, his certificate would have been in force, and the supreme council would have been bound to pay the sum mentioned therein to the beneficiary named.  But he did not die before September 1, 1896, nor did he pay said assessment before that date, and consequently he was suspended from membership from the first instant of time of September 1, 1896.  The contention of plaintiff in error that the suspension took place on the 31st day of August, 1896, is without merit.  All the members of the order had all of that day in which to make payment of the assessments called during that month, and their suspension followed, under the by-laws, immediately after that day had passed, if they had not paid such assessments before September 1st.  Kelly Gootee had, by virtue of the by-laws, 60 days from the date of suspension within which he could secure his reinstatement by paying all dues, assessments, and fines chargeable against him at the time he so sought reinstatement.  Did he do this?  He made the last of such payments on October 31, 1896, and that was within 60 days from September 1st, the date of suspension as we have found it to be.  The complainant in error computes the 60 days from August 31st, the day on which the payment of assessment 368 should have been made in order to have prevented suspension, thereby confounding the date when that act should have been done with the date of suspension, which could not have been until the former date had expired.  When time is to be computed from a particular day or event, the general rule is to exclude the day thus designated, and to include the last day of the specified period.  Sheets v. Selden's Lessee, 2 Wall. 177.  In disposing of questions of this character great weight should be given in every case to the particular words of the contract to be construed, or to the language of the rules to be defined and applied.  Much of the confusion existing concerning the reported decisions of the cases involving the computation of time, in matters of this character, will be found, on a close examination of the opinions of the courts, to be

89 F.—60

owing to the desire to give due effect to the meaning of the parties, as expressed in the particular language or phrase used in each case. In the case under consideration we think it is clear that it was intended by the words used in the by-laws to give to each member of the order, should he desire it, all of the calendar month in which an assessment was made to pay the same, and that suspension for nonpayment was to date, not from the last day of such month, but from the first day of the succeeding month; and also that such member was to have 60 full days after the day of suspension in which to secure his reinstatement. On this latter point the supreme court of the United States has held that the word "from" always excludes the day of date. Best v. Polk, 18 Wall. 112. Also, see 1 Pars. Notes & B. 385, and the authorities cited. Excluding the day of suspension, September 1st, and calculating to October 31st, the day that Kelly Gootee paid the last payment then due by him, we find that it was within 60 days of his suspension, and that he was on said last-mentioned day fully reinstated as a member of said order. It follows that his certificate was in full force at the time of his death, and that the defendant below should have recognized its validity, and paid to the beneficiary mentioned therein the sum provided for by it.

The assignments of error founded on the refusal of the court below to give the instructions asked for by the plaintiff in error—referring to the questions we have been discussing—are without merit for the reasons we have assigned in sustaining the instructions given, and, so far as they relate to other questions, they are, as we have said, immaterial. We find no error in the judgment of the court below, and the same is affirmed.