## FIRST NAT. BANK OF HASKELL v. DREW.

No. 8603—Opinion Filed Jan. 8, 1918.

(169 Pac. 1092.)

### Time—Recovery of Usurious Interest—Limitations—Computation of Time.

In computing the time within which an action for the recovery of usurious interest paid must be brought under the United States Usury Statute (Comp. St. 1916, § 9759), which provides such action must be commenced within two years from the time the usurious transaction occurred, the first day of the period should be excluded and the last day included; hence, an action commenced on the 2d day of March, 1916, to recover usurious interest paid on the 2d day of March, 1914, is commenced within the time prescribed by statute.

(Syllabus by Pryor, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Action by George Drew against the First National Bank of Haskell. Judgment for defendant, and from an order granting a new trial it brings error. Order granting the new trial affirmed.

J. E. Wyand and B. Broaddus, for plaintiff in error.

William Neff and L. E. Neff, for defendant in error.

Opinion by PRYOR, C. This is an action commenced in the superior court of Muskogee county by George Drew, defendant

in error, against the First National Bank of Haskell, to recover usurious interest paid. The action is brought under the United States usury statute. The action was commenced on the 2d day of March, 1916, and the petition alleges that the usurious interest was paid on the 2d day of March, 1914. The court, after some evidence had been introduced by the plaintiff upon the objection by the defendant to the introduction of any further evidence on the ground that the petition did not state facts sufficient to constitute a cause of action on the ground that the petition disclosed that the action had been barred by the statute of limitation, sustained the objection, and rendered judgment for the defendant. The plaintiff filed a motion for a new trial, which the court sustained. From the order granting a new trial, the defendant bank appeals.

The only question presented for determination on appeal is whether or not the action is barred by the statute of limitation. The statute, after giving the right to recover back twice the amount of usurious interest paid, contains the following clause:

"Provided such action is commenced within two years from the time the usurious transaction occurred." Comp. St. 1916, § 9759.

It is the contention of the defendant bank that the law of Oklahoma, providing for the method of computing time by excluding the first day and including the last, does not apply, and that the law as laid down by courts of the United States applies, and under the decisions of the United States courts the first day must be included and the last day excluded, which would make the time for the bringing of this action expire on the 1st day of March, 1916. It is the contention of the plaintiff that it makes no difference whether the statute of the state providing for the computing of time is applied or the law as announced by the decisions of the United States courts, for the reason that both, applicable to this question, are the same. The decisions on the question of whether or not the first day or the date of the day on which an act is done should be included or excluded in computing the time are considerably conflicting. The weight of authorities in the early cases seems to sustain the proposition that where the time commenced to run from a certain day, the day should be excluded, and when the time began to run from the doing of an act or happening of an event, that day on which the act was done or the event hap-

pened should be included, but the modern cases seem to have abolished this distinction, and now it is generally held, with very few exceptions, that the computing of time which is to commence to run from a certain day or from the doing of a certain thing or the happening of a certain event, that the day on which the time begins to run or date on which the time begins to run or date on which the thing is done or day on which it happened, is excluded, and the last day of the period of time be included in the computation.

"Where the computation is to be made from or after an act done, or the time of an act, or the happening of an event, the rule supported by the weight of authority is that the date of the act or of the happening of the event is to be excluded, and the last day of the period included.

"A large number of old cases, and a few modern ones, hold that the day of the act or of the event is to be included, but nearly all of these cases are now overruled or disregarded in the jurisdictions where decided. Kentucky, however, still adheres to this doctrine." 28 Am. & Eng. Enc. of Law, 211, 214.

"The rule laid down in some decisions is that when the computation is to be made from an act done, the day in which the act was done must be included. * * * But when the computation is to be made from the day itself, and not from the act done, then the day in which the act was done must be excluded. This distinction, however, does not rest upon a sound principle, and in most jurisdictions it is no longer recognized. The tendency of recent decisions is very strongly towards the adoption of a general rule which excludes that day as the terminus a quo in such cases." 25 Cyc. 1291.

In the case of Sheets v. Seldom, 2 Wall. 177, 190, 17 L. Ed. 822, on page 826, the court in the opinion uses the following language:

"The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period from or after a day named, is to exclude the day thus designated, and to include the last day of the specified period. When the period allowed for doing an act,' says Mr. Chief Justice Bronson, 'is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time; and so be excluded from the computation.' Cornell v. Moulton 3 Denio. 16."

This principle of computation of time by excluding the first day and including the last day is sustained by the following cases: Credit Co. v. Ark. C. R. Co., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448; Best v. Doe, 18 Wall. 112, 21 L. Ed. 805; Smith v. Gale, 137 U. S. 577, 11 Sup. Ct. 185, 34 L. Ed. 792; Supreme Council v. Gootee, 89 Fed. 941, 32 C. C. A. 436; also two well-reasoned cases in point are Bemis v. Leonard, 118 Mass. 502, 19 Am. Rep. 470; Seward v. Hayden, 150 Mass. 158, 22 N. E. 629, 5 L. R. A. 844, 15 Am. St. Rep. 183.

The principle announced in the foregoing authorities amply sustains the rule in construing statutes of the character of the one involved here, that the first day or the day on which the act was done, from which the period of limitation runs, should be excluded and the last day of the period included, which would make the federal rule conform to the statutory rule of the state, and it is therefore unnecessary to determine whether or not the statute of this state is applicable, as under either the action was commenced within the time limit fixed by the usury act

Therefore the judgment of the trial court in granting a new trial should be affirmed.

By the Court: It is so ordered.