## NEW YORK LIFE INS. CO. v. BULLOCK et al.

Circuit Court of Appeals, Fifth Circuit.
June 13, 1928.

No. 5076.

**1. Time ⬤⟲9(1)—In computing time "from" specific day, and not from occurrence of event on that day, first day must be excluded.**

In construing a statute or contract, where computation of time is to be made from a specific day, and not from the occurrence of an event on that day, the first day must be excluded; the word "from" excluding the day of date.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, From.]

**2. Insurance ⬤⟲146(3)—Ambiguity in policy is construed against insurer.**

Any ambiguity in insurance policy is to be construed against insurer.

**3. Time ⬤⟲9(10)—Suit on June 3, 1926, to cancel policy executed June 3, 1924, held within two-year incontestable period.**

Where clause in life policy provided that it should be incontestable after two years from its date of issue, with certain exceptions, suit filed June 3, 1926, was within period allowed under policy executed on June 3, 1924, as being on the last day of period within which policy could be contested.

Appeal from the District Court of the United States for the Southern District of

Florida; Rhydon M. Call and Lake Jones, Judges.

Suit by the New York Life Insurance Company against Finley S. Bullock and others. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

J. L. Doggett, of Jacksonville, Fla. (Doggett & Doggett, of Jacksonville, Fla., on the brief), for appellant.

Russell L. Frink, of Jacksonville, Fla. (R. B. Bullock, of Ocala, Fla., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On June 3, 1926, appellant filed a bill to cancel a policy of insurance on the life of Finley S. Bullock, on the ground that it was obtained by false representations as to material facts which, if truthfully stated, would have caused the application to be rejected. The policy was dated June 3, 1924, and contained the following clauses:

"This policy takes effect as of the third day of June nineteen hundred and twenty-four, which day is the anniversary of the policy."

"*Incontestability.*—This policy shall be incontestable after two years from its date of issue, except for nonpayment of premium, and except as to provisions and conditions relating to disability and double indemnity benefits."

A motion to dismiss the bill as filed too late was sustained. That is the only question presented on this appeal. The question presented is somewhat perplexing, owing to the many conflicting decisions more or less in point. See note to Halbert v. San Saba Springs Land & Live Stock Ass'n, 49 L. R. A. 193.

[1] It would be useless to try to reconcile or to distinguish the many conflicting cases. Although there are cases to the contrary, it may be considered fairly well settled that, in construing a contract or a statute, where the computation of time is to be made from a specific day, and not from the occurrence of an event on that day, then the first day must be excluded. The word "from" excludes the day of date. Best v. Polk, 18 Wall. 112, 21 L. Ed. 805; Dutcher v. Wright, 94 U. S. 553, 24 L. Ed. 130; South Staffordshire Tramways Co. v. Sickness & Accident Assurance Ass'n, 1 Law Reports, Queen's Bench Division, 402; Hicks v. National Life Insurance Co. (C. C. A.) 60 F. 690; Supreme Council Am. L. of H. v. Gootee (C. C. A.) 89 F. 941; Eliot Nat. Bank v. Gill (D. C.) 210 F. 933, affirmed (C. C. A.) 218 F. 600; Siegelschiffer v. Penn Mut. Life Ins. Co. (C. C. A.) 248 F. 226; Zimmerman v. United States (C. C. A.) 277 F. 965; Leeper v. Lemon G. Neely Co. (C. C. A.) 293 F. 967. See Mutual Ins. Co. v. Hurni Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102.

[2, 3] We are mindful that any ambiguity in the policy is to be construed against the insurer, but we think that the clauses above quoted clearly express the agreement that the period of two years within which the policy might be contested began to run from its date, and therefore the rule above stated would apply. The suit was filed on the last day of the period within which the policy could be contested, therefore was in time.

Entertaining these views, it follows that the judgment appealed from must be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.