FRANK( BUTCH) CALDWELL v. STATE.

No. A-8832.    July 27, 1935.
(48 Pac. [2d] 356.)

Potter & Potter, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and O. B. Martin, Co. Atty., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Kay county, on a charge of grand larceny, and sentenced to imprisonment in the state penitentiary for a period of three years.

The judgment in this case was rendered on the 10th day of May, 1934, and plaintiff was given 60 days from that date to make and serve a case-made. On the 9th day of July, 1934, the court granted a further extension of 60 days from the expiration of the first order fixing the time to make and serve a case-made, which 60 days expired September 7, 1934. That on September 10, 1934, more than 60 days after July 9, 1934, the plaintiff in error made application to the court and the court granted an order allowing him an additional 40 days in which to prepare and serve the case-made.

The defendant in error has filed a motion to dismiss the attempted appeal on the ground that said order granted by the court on September 10, 1934, after the date fixed in the order of July 9, 1934, had expired, on the ground that the said order of September 10, 1934, was void

for the reason that it was entered after the time had expired in the previous order of the court and was made without a showing of the plaintiff in error of accident or misfortune which could not reasonably have been avoided, and was without notice to the adverse party, all of which is shown by the case-made attached to the petition in error on file herein, and is in violation of the laws of the state of Oklahoma, more particularly section 538, O. S. 1931.

There is nothing in the case-made to show that any attempt was made to comply with the provision of section 538, supra, where in case of accident or misfortune, which could not have reasonably been avoided by the party appealing and by notice to the adverse party. No notice was served on the adverse party that an application would be made to the court for an extension of time to make and serve a case-made on the ground of accident or misfortune, which could not reasonably be avoided. Unless this provision of law is complied with, an order extending the time made after the expiration of time originally allowed is a nullity, and a case-made served under the authority of such invalid order of extension does not give this court jurisdiction. Welch v. State, 38 Okla. Cr. 300, 260 Pac. 787.

It is clear that if an order of extension might be made one or two days after the expiration of the time originally allowed, it might be made any number of days thereafter, if within the period fixed by law for taking an appeal.

It is well settled that an appeal to the Criminal Court of Appeals may be taken by the defendant as a matter of right from any judgment rendered against him, but the manner or time in perfecting such an appeal is a proper subject for legislative control, and the appeal must be taken in the manner prescribed by the law.

The case-made not having been served within the time allowed, nor within the time fixed in a valid extension of time, it was served too late. The motion of the defendant in error to dismiss is sustained, and the attempted appeal is dismissed.

EDWARDS and DOYLE, JJ., concur.