Jerry BASS, Petitioner,

v.

LEE WAY MOTOR FREIGHT, INC., and Pepsico, Inc., Respondents.

No. 74822.

Supreme Court of Oklahoma.

Jan. 22, 1991.

---

Keller, Fernald & Keller by E.W. Keller, Oklahoma City, for petitioner.

Turner, Turner & Braun by Charles G. Braun, Oklahoma City, for respondent PepsiCo, Inc.

HODGES, Vice Chief Justice.

The facts in this workers' compensation case are not disputed. Claimant injured his back on February 13, 1983, while working for his employer, Lee Way Motor Freight.

He was awarded permanent partial disability benefits on June 8, 1983.

Claimant wished to reopen his case for a change of condition for the worse. On December 4, 1984, claimant mistakenly filed a new form 3 claim for compensation rather than a form 9 motion for hearing. The form 3 erroneously reflected a March 18, 1983, injury date with an aggravation of that injury on June 15, 1984, and failed to mention the prior adjudication of claimant's injury. PepsiCo, Inc., was later added to the claim as the guarantor of the workers' compensation liabilities of the now defunct Lee Way and a motion to set for hearing was filed on January 10, 1985. About this time, however, the Workers' Compensation Court stayed all hearings involving the litigation of PepsiCo's guaranty agreement, awaiting this Court's decision in *Lum v. Lee Way Motor Freight, Inc.*, 757 P.2d 810 (Okla.1987).

It was not until a deposition on November 16, 1989, that counsel for claimant and counsel for PepsiCo first learned that claimant had suffered only one injury, the February 13, 1983, injury for which claimant had been awarded benefits. That injury had merely worsened. On November 30, 1989, claimant filed a motion to reopen on change of condition. At the hearing, PepsiCo successfully asserted the statute of limitations as a defense to reopening on a change of condition for the worse.

On appeal, both parties agree that claimant had until July 4, 1987, to reopen his prior claim for compensation. Claimant argues that the claim was reopened by the December 4, 1984, form 3 filing. PepsiCo insists the claim was time barred. The case turns on whether the second form 3 operated to toll the running of the statute of limitations. Under the facts of this case, we believe it did.

Strict rules of pleading and practice do not apply to proceedings in the Workers' Compensation Court. *Blue Bell, Inc. v. McKay*, 573 P.2d 709 (Okla.1978). This rule includes attempts to reopen a claim for change of condition for the worse. *See, e.g., Durant Milling Co. v. Manners*, 664

**1140**

P.2d 1074 (Okla.Ct.App.1983) (failure of original claim to specify the extent of claimant's injury did not result in statute of limitations barring reopening of claim for change of condition for worse).

Although claimant filed the wrong form, PepsiCo was sufficiently notified that claimant was seeking compensation. PepsiCo suffered no harm from claimant's timely filing of a second form 3. ORDER OF WORKERS' COMPENSATION COURT VACATED; CAUSE REMANDED TO TRIAL TRIBUNAL FOR HEARING.

OPALA, C.J., and LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

SIMMS, J., dissents.

KAUGER, J., recused.