Jerrell B. CAMPS, Petitioner,

v.

Loyal TAYLOR, d/b/a Taylor Truck, Mercer Transportation, Zurich–American Insurance and the Workers' Compensation Court, Respondents.

No. 82690.

Supreme Court of Oklahoma.

March 21, 1995.

Michael W. McGivern and Jill Nelson Thomas, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for petitioner.

Dale F. Whitten, Whitten, Layman, MacKenzie & Padgett, Tulsa, for respondents.

## OPINION

WATT, Justice:

The sole issue to be decided in this proceeding is whether a claim for workers' compensation benefits filed on the second anniversary of the claimant's accidental injury is barred by the statute of limitations set forth at 85 O.S.1991 § 43(A). We answer this question in the negative and hold that petitioner's claim, filed exactly two years after the date of his accident, was timely.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

On February 20, 1989, Jerrell B. Camps, petitioner, was injured when he slipped and fell on some ice while attempting to guide a trailer onto a truck. He filed a claim for workers' compensation benefits on February 20, 1991, naming both Mercer Transportation and Loyal Taylor d/b/a Taylor Truck as respondents. Mercer denied that petitioner was in its employ at the time of the accident and asserted that the claim was barred by the statute of limitations.

1. A "single-event injury," which results from one particular event, is distinguishable from a "cumulative-effect injury," which results from repeated micro-trauma occurring over an extended period of time. McDonald v. Time–DC, Inc., 773 P.2d 1252, 1254 n. 2 (Okla.1989).

The Workers' Compensation Court, Honorable Kimberly J. West, trial judge, ruled petitioner was not an employee of Mercer at the time of the accident and that the two-year statute of limitations, 85 O.S.1991 § 43(A), expired the day before petitioner filed his claim. A three judge panel sustained the trial court's decision. On appeal, petitioner raised both issues ruled upon below. The Court of Appeals sustained the lower court's ruling that the statute of limitations had run on petitioner's claim, but did not address whether petitioner was an employee of Mercer at the time of the accident. This Court granted petitioner's request for a writ of certiorari on October 31, 1994.

### DISCUSSION

Title 85 O.S.1991 § 43(A) provides, inter alia:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of the accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court.

This Court has held that the time limitation in which to file a claim for a single-event injury[1] under § 43 begins to run from the time the worker is charged with legal awareness of the injury. Seaton v. Plasti–Mat, Inc., 830 P.2d 1365, 1367 (Okla.1992). That point is coincidental with the time the worker knew or should have known of the injury. Id. In the present case, it is not disputed that petitioner knew he was injured on the date of the accident. Seaton and its progeny[2] did not, however, address the timeliness of a workers' compensation claim filed on the anniversary date of an accidental injury, nor did they define the manner in which the time limit of § 43(A) is to be calculated. Furthermore, neither the Workers' Compensation Act, 85 O.S.1991 § 1, et seq., nor the Rules of the Workers' Compensation Court, 85 O.S.

2. See, e.g., Hackler v. Speed Parts Warehouse, 775 P.2d 1362 (Okla.1989); McDonald, supra note 1; Stillwater Floral Co. v. Murray, 380 P.2d 694 (Okla.1962). In each of these cases the Court was concerned with defining the point in time that a worker should be charged with legal awareness of present, as well as potential, harm resulting from a single-event injury.

1991 Ch. 4, App., specify how § 43(A)'s time limit is to be computed, and this Court has never before been called upon to do so. We are therefore guided by Oklahoma's common law and decisions from other courts in deciding this case of first impression.

An analogous issue was presented in *Winn v. Nilsen,* 670 P.2d 588 (Okla.1983), where this Court delineated how a five-year contractual lease term was to be computed. We began by reiterating that the word "year" is statutorily defined at 25 O.S.1981 § 23 to mean a calendar year. We then held:

> When, as here, the time [specified in a contract or statute] is used in the context to effect a simple identification of a particular time period, an anniversary-to-anniversary period is indicated.

> Last century's judicial decisions applied different rules of computation when the time commenced to run from (a) a day certain and when it began (b) from the happening of an event. In the latter instance, the day on which the act was done or to be done or the event happened was included in computing the time.

> The distinction is no longer recognized. The rule now universally applied is that in calculating the period of time in which a contractual or statutory duty is to be performed, ... the day or event that marks the commencement point of the period [ ] is excluded and the ... terminal day of the period [ ] is included.

*Id.* at 590 (footnotes omitted). Under this common law rule, the Court concluded that the five-year lease which was executed on February 16, 1977, "commenced the day following its execution (February 17, 1977) and ended at midnight on February 16, 1982—the terminal point of its fifth anniversary date." *Id.* at 591.

Decisions from other courts support the above rule. In *Simon v. Wisconsin Marine Inc.,* 947 F.2d 446 (10th Cir.1991), the plaintiff was injured while using a lawnmower on September 16, 1986, and filed suit against the manufacturer on September 16, 1988. The court held that the plaintiff's action was filed within the two-year statute of limitations:

> The ancient rule was that in computing a period of time from the occurrence of a given event, the day the event occurred was included. The great weight of modern authority, however, excludes the day the event happens....

*Id.* at 447 (citations omitted). *See also Caldwell v. State,* 57 Okla.Crim. 320, 48 P.2d 356 (1935) ("The time within which an act is to be done should be computed by excluding the first day and including the last...."); *Baker v. Sisk,* 1 F.R.D. 232 (E.D.Okla.1938) (Applying Oklahoma law, the court implicitly held that the two-year statute of limitations at issue therein ran from December 24, 1935, to December 24, 1937).

 Applying either Oklahoma's common law or the "great weight of modern authority" discussed in *Simon,* the date a claimant suffers a single-event injury is excluded in calculating the statute of limitations of § 43(A). Applying this rule of law to the present case, it is apparent that petitioner filed his claim for workers' compensation within the two-year statute of limitations set forth in § 43(A). The day petitioner suffered his injury, February 20, 1989, is not included in computing the two-year period within which he must have filed his claim. Thus, the statute of limitations began to run on February 21, 1989, and expired on February 20, 1991, the day petitioner filed his claim. Petitioner's claim was timely filed.

██ As previously stated, the Court of Appeals did not address the correctness of the lower court's holding that petitioner was not an employee of Mercer Transportation at the time of his accidental injury. This issue was properly preserved and presented by petitioner on appeal. We therefore remand this case to the Court of Appeals with instructions to address the issue of petitioner's employment. *See* Rule 3.15 of the *Rules on Practice and Procedure in the Court of Appeals and on Certiorari to that Court,* 12 O.S.Supp.1993, Ch. 15, App. 3, and *Hough v. Leonard,* 867 P.2d 438, 445 (Okla.1993).

## CONCLUSION

The date a single-event accidental injury occurs is not included in calculating the two-year statute of limitations period for filing a claim for workers' compensation benefits un-

der 85 O.S.1991 § 43. Petitioner's claim, filed on the second anniversary of his single-event injury, was timely filed.

Certiorari previously granted. The opinion of the Court of Appeals is vacated and this cause is remanded to that court for further proceedings.

ALMA WILSON, C.J., and HODGES, LAVENDER, SIMMS, OPALA, SUMMERS and WATT, JJ., concur.

KAUGER, V.C.J., concurs in result.

HARGRAVE, J., concurs in part, dissents in part.

SUMMERS, Justice, concurring.

Although I concur in the opinion and its common law underpinnings, I write separately to observe that the rule is also supported by 12 O.S.1991 § 2006A. That section provides for the computation of time prescribed by "this title, by the rules of any court, by order of the court, or by any applicable statute." Had the legislature stopped after reference to "this title" (Title 12) I would concede the section's inapplicability in this workers' compensation case. But I consider the words "any applicable statute" broad enough to include Title 85.

I am authorized to report that Vice Chief Justice KAUGER, Justice LAVENDER and Justice SIMMS join in this view.

OPALA, Justice, concurring.

The general common-law[1] method for computing time, firmly settled in the United States shortly after the turn of this century as a universal rule of construction[2] and adopted by this court's *early* jurisprudence,[3] is that, unless otherwise manifested by the contract in suit or by some applicable statute, the day of the act or event must be *excluded* and the last day to complete the period *included.* This chronometric formula, which finds its most recent reaffirmation in this court's 1983 opinion,[4] stands as the State's generally applicable rule of common law designed to promote certainty and uniformity. Because the unwritten[5] component of Oklahoma's legal tradition retains its efficacy and vigor with undiminished force of legislative approbation,[6] the general common law must be universally enforced unless a different construction is mandated by a governing statute.

Oklahoma has *two major statutory sections* that deal with time computation—12 O.S.1991 § 2006A and 75 O.S.1991 § 250.8. Each covers but a *narrow stretch* of legal chronometry; *neither may be applied to compute time limitations for workers' compensation claims.* The former's sweep stands confined to *district court litigation*[7] *and to the statutes applicable in the course of proceedings in that forum;* the latter's range is restricted to computing time prescribed by the Administrative Procedures

---

1. For the meaning ascribed to the term "general common law" and for its genesis, see Conison, *What Does Due Process Have to Do with Jurisdiction?*, 46 RUTGERS L.REV., 1071, 1077–1086 (1994).

2. *Sheets v. Selden's Lessee,* 69 U.S. (2 Wall.) 177, 190, 17 L.Ed. 822, 826 (1865); LEWIS' SUTHERLAND, STATUTORY CONSTRUCTION (2d Ed.1904).

3. *First Nat. Bank of Haskell v. Drew,* 69 Okl. 59, 169 P. 1092–1093 (1918); *Baker v. Hammett,* 23 Okl. 480, 100 P. 1114, 1116 (1909); *see also Caldwell v. State,* 57 Okl.Cr. 320, 48 P.2d 356 (1935).

4. *Winn v. Nilsen,* Okl., 670 P.2d 588, 590 (1983).

5. The body of England's customary or common law was known in the middle ages as that kingdom's "unwritten law"—*Regni Angliae lex non scripta. McCormack v. Oklahoma Pub. Co.,* Okl.,

613 P.2d 737, 740 (1980); *Mueggenborg v. Walling,* Okl., 836 P.2d 112, 115 (Opala, C.J., concurring) (1992).

6. The pertinent provisions of 12 O.S.1991 § 2 are:

"The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma...."

*See also Nelson v. Sandkamp,* 227 Minn. 177, 34 N.W.2d 640, 643 (1948).

7. The provisions of 12 O.S.1991 § 2001 *explicitly confine the force of Oklahoma's Pleading Code, 12 O.S.1991 § 2001 et seq., to district court suits of a civil nature.* The time-computation text of § 2006A applies to "any period of time *prescribed or allowed by this title* [Title 12] ... or by any applicable statute...." (Emphasis added.)

Act.[8] Inasmuch as the *entire* Pleading Code's ambit is *explicitly restricted* by *its* § 2001 *to district court practice,* the phrase *"any applicable statute"*, found in the Code's § 2006A, cannot be viewed as intended to reach *one iota further than the Code itself.* The § 2001 boundary of the Code would be impermissibly crossed if we were to declare that the § 2006A language *may be extended* to cover workers' compensation procedure— an adjective-law regime patently *dehors* the Pleading Code's purview.[9] To put my concern in more dramatic terms, the permissible range of *"any applicable statute"*—as these words are used in § 2006A—must be deemed circumscribed by the subject statute's *pertinence* to a district court process in the context of which the time computation is to be made. That requisite *pertinence* is clearly absent here.

Although in this case the result of time computation would be the same, no matter which competing alternative we choose, the counsel I offer and vigorously advance is *neither* an act of supererogation *nor* an exercise in scholastic logic of the middle ages.

It is *imperative* that *the Pleading Code be contained* within its legislatively intended boundaries [10] and not be allowed to invade areas *dehors* district court litigation.[11] Any intrusion, *however slight,* must be resisted as at least *potentially* injurious to the conceptual purity in our multifaceted system of procedure and to its delicate symmetry.

Fundamental fairness can be dispensed *only* within the framework of orderly procedure.[12] The quality of process afforded in this Nation's courts depends almost entirely on strict judicial fidelity to the norms of procedure—the rules of engagement in forensic games. The importance of this notion is eloquently encapsulated in these insightful words:

> " * * * *It is procedure that spells much of the difference between rule by law and rule by whim or caprice.* Steadfast adherence to strict procedural safeguards is our main assurance that there will be equal justice under law.* * * " [13] [Emphasis mine.]

Today's opinion is clearly correct in measuring the time here in contest—a limitation period for compensation claims—by the *general common law* rather than by § 2006A, whose force may *not reach beyond matters applicable to district court suits.*

---

**8.** The pertinent terms of 75 O.S.1991 § 250.8 are:

> "In computing any period of time prescribed or allowed by the Administrative Procedures Act, the day of the act, or event, from which the designated period of time beings to run shall not be included. The last day of the period so computed shall be included...."

**9.** Section 2006A is a rule of district court practice. Rules of district court pleading and practice are inapplicable to proceedings upon a compensation claim. *Bass v. Lee Way Motor Freight, Inc.,* Okl., 804 P.2d 1138, 1139 (1991); *Brown & Root v. Dunkelberger,* 196 Okl. 116, 162 P.2d 1018, 1020 (1945).

**10.** Our jurisprudence affords a rich source of authority for the principle that rules of pleading and practice in the district courts have no place in compensation proceedings. *Dudley v. Major Construction Company,* Okl., 345 P.2d 881, 884 (1959); *Bendelari v. Kinslow,* 192 Okl. 390, 136 P.2d 918, 922 (1943); *McCallum & Forber v. Owens,* 184 Okl. 66, 85 P.2d 411 (1938); *Pure Oil Co. v. State Industrial Commission,* 181 Okl. 176, 72 P.2d 779, 781 (1937). The cited cases hold that *unlike* district court suits, compensation claims *may not be terminated* by the trial court's *involuntary dismissal.* Involuntary dismissals of compensation claims are void on the face of the proceedings. *Royal Mining Co. v. Murray,* 167 Okl. 460, 30 P.2d 185, 187 (1934).

**11.** Not all district court litigation is governed by the Pleading Code, 12 O.S.1991 § 2001 *et seq.* The Code's rules of pleading and practice do *not* accommodate all of the separate procedural tracks for various classes of district court proceedings. *Williams v. Mulvihill,* Okl., 846 P.2d 1097, 1102 n. 14 (1993); *Board of Law Library Trustees v. State,* Okl., 825 P.2d 1285, 1288 (1992).

**12.** *Pryse Monument Co. v. District Court, Etc.,* Okl., 595 P.2d 435, 438 (1979).

**13.** *Joint Anti–Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 179, 71 S.Ct. 624, 652, 95 L.Ed. 817 (1951) (Douglas, J., concurring).