2000 OK CIV APP 138

**K.J. CONSTRUCTION, and State Insurance Fund, Petitioners,**

v.

**Jaime PUENTE, and The Workers' Compensation Court, Respondents.**

No. 94,785.

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 27, 2000.

Peter J. Mills, Oklahoma City, OK, for Petitioners.

Jason Leonard, Oklahoma City, OK, For Respondents.

**OPINION**

HANSEN, Vice-Chief Judge:

¶ 1 Petitioners, K.J. Construction and State Insurance Fund, seek review of an order of a three-judge panel of the Workers' Compensation Court ruling their appeal of the trial court's order was untimely. The sole issue on appeal is whether the rules for computation of time in *12 O.S.Supp.1999 § 2006* apply to the Workers' Compensation appellate procedures in *85 O.S.Supp.1997 § 3.6*. We hold they do and vacate the panel's order.

¶ 2 Pursuant to *85 O.S.Supp.1997 § 3.6* (A), an appeal from the trial judge's order to the Workers' Compensation Court *en banc* shall be taken within ten days of the date of the order. The Oklahoma Pleading Code, *12 O.S.Supp.1999 § 2006* (a) provides rules for "computing any period of time prescribed or allowed by this title, by the rules of any

court, by order of the court, or by any applicable statute." It states,

> When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays as defined by the Oklahoma Statutes or any other day when the office of the court clerk does not remain open for public business until 4:00 p.m., shall be excluded in the computation.

Prior to November 1, 1999, this rule applied to time periods less than seven days instead of eleven days. Okla.Sess.Laws 1999, c. 293, eff. Nov. 1, 1999. Because of this recent change, the parties consider the statute's applicability to the ten-day time limit for Workers' Compensation appeals to be an issue of first impression.

¶ 3 The trial court issued its order on February 4, 2000. Petitioners filed their request for review on February 15, 2000. If Saturdays and Sundays are excluded from the computation of time, the request for review was timely filed.

¶ 4 Petitioners argue the three-judge panel should have applied § 2006(a) to exclude Saturdays and Sundays in computing the ten-day deadline for filing an appeal under § 3.6(A). Claimant, Jaime Puente, argues the Workers' Compensation statute is a specific statute which controls over the conflicting and more general Pleading Code statute. Petitioners respond the statutes are not in conflict.

¶ 5 We agree there is no conflict between the two statutes. The Workers' Compensation Act is silent as to how the ten days are computed. Workers' Compensation Court Rule 2, *85 O.S.Supp.1995, Ch. 4, App.*, provides, "Any matter of practice or procedure not specifically dealt with either by the Workers' Compensation Act or by these Rules will be guided by practice or procedure

followed in the district courts of this state." Section 2006(a) specifies it applies to the computation of the time prescribed "by any applicable statute." Therefore, pursuant to the Workers' Compensation Court Rules and by the terms of 2006(A) itself, it applies to the computation of the ten-day limit for filing an appeal under § 3.6(A).[1] Accordingly, the order of the three-judge panel ruling Petitioners' appeal untimely is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this opinion.

¶ 6 ADAMS, J., and JOPLIN, J., concur.

---

1. *See Camps v. Taylor,* 1995 OK 23, 892 P.2d 633, in which the majority applied common law rules of time computation to hold a workers' compensation claim filed on the second anniversary of the claimant's accidental injury was timely under *85 O.S.1991 § 43* (A). In a concurring opinion, J. Summers, joined by JJ. Kauger, Lavender, and Simms, viewed § 2006(a) as applicable to workers' compensation cases, pointing out the Legislature had not stopped after reference to

"this title," but added the words "by the rules of any court, by order of the court, or by any applicable statute" in circumscribing the section's applicability. He concluded the words "any applicable statute" in § 2006(a) were broad enough to include Title 85. *Id.* at 636. However, J. Opala wrote separately to rebut this view, arguing the entire Pleading Code, including § 2006, was explicitly restricted to district court practice by § 2001. *Id.* at 637.