2004 OK 18

**ARROW TRUCKING COMPANY,
Petitioner,**

v.

**Perry LEWIS and The Workers'
Compensation Court,
Respondents.**

No. 100,055.

Supreme Court of Oklahoma.

March 22, 2004.

*ORDER*

Respondent's motion to dismiss this review proceeding is denied with prejudice. The petitioner's appeal to the three-judge panel was timely pursuant to the time computation set forth in 12 O.S.2001 § 2006(A). This section applies to time computations in the Workers' Compensation Court. *K.J. Construction v. Puente*, 2000 OK CIV APP 138, 16 P.3d 481, *Smith v. Baptist Foundation of Oklahoma*, 2002 OK 57, 50 P.3d 1132, fn. 5, *Johnson v. Tony's Town Mister Quik*, 1996 OK 138, 915 P.2d 355.

Concur: HODGES, LAVENDER, HARGRAVE, KAUGER, BOUDREAU, WINCHESTER, and EDMONDSON, JJ.

Dissent: OPALA, V.C.J.

1. The terms of 12 O.S. Supp.2003 § 2006(A) provide: "In computing any period of time prescribed or allowed by this title, by the rules of any court of this state, or by order of a court of this state, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a legal holiday ... or any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time ...."

2. The distinction between an intra-court appeal and a review proceeding is also explained in *Parks v. Norman Mun. Hosp.*, 1984 OK 53, 684 P.2d 548, 551, where it is stated, "[t]he trial tribunal's intra-court review scheme ... was intended not to afford two layers of appellate process with varying standards of review but rather to implement a two-tier decisional system within

OPALA V.C.J., dissenting.

¶ 1 I cannot accede to today's order. It is infirm in three critical respects. **Firstly,** a point of internal procedure, which is here in contest, is governed exclusively by the Workers' Compensation Law. **Secondly,** the ten-day limit for filing an intra-court quest for review before a three-judge panel **may not be enlarged** by any provision in § 2006(A) [1] without violating the long-observed principle that norms of internal procedure in the trial tribunal must be drawn from the self-contained text of the Workers' Compensation Law. **Lastly,** today's approved use of the § 2006(A) text to extend the time for bringing an intra-court proceeding may not be applied retrospectively without offending the court's own long-standing jurisprudence.

**I**

**INTERNAL PROCEDURE IN THE TRIAL TRIBUNAL IS GOVERNED EXCLUSIVELY BY THE WORKERS' COMPENSATION LAW**

¶ 2 The distinction between an intra-court appeal and a proceeding for review is well established.[2] Upon the statute-authorized intra-court appeal, a three-judge panel of the same tribunal may reexamine a trial judge's findings of fact and conclusions of law, while review in this court (and before the Court of Civil Appeals) **stands strictly confined** to questions of law.[3] Past decisions of this court are **not at variance** with the position I express here.[4]

the trial tribunal with but a single appellate remedy in this court."

3. *See* the terms of 85 O.S. Supp.2003 § 26(B) which provide: "The decision of the [Workers' Compensation] Court shall be final as to all questions of fact, and except as provided in Section 3.6 of this title, as to all questions of law." *See also Parks, supra* note 2 at 552 ("the text of [§ 26] unequivocally and unmistakenly limits appellate reviewing power to questions of law").

4. The authorities identified below are **inapplicable** to the problem at hand. This is so because they do not deal with **internal procedures** of the compensation court. *See Rockwell Intern. v. Hampton*, 1994 OK 137, 886 P.2d 992, 993 (no additional time is given to commence cross-proceedings or counter-proceedings for *appellate review* of workers' compensation proceedings); *Johnson v. Tony's Town Mister Quik*, 1996 OK

## II

## THE TEXT OF § 2006(A) IS INAPPLICABLE TO AN INTRA–COURT APPEAL IN A COMPENSATION PROCEEDING

¶ 3 The provisions of § 2006(A) govern solely district court proceedings.[5] Inasmuch as the *entire* Pleading Code's ambit is **explicitly restricted** by the terms of § 2001[6] to district court practice, the phrase *"any applicable statute"* in § 2006(A) of the Code[7] cannot be viewed as intended to reach *one iota further than the Pleading Code itself.* To be clear, *"any applicable statute"*—as these words are employed in § 2006(A)—must be limited by the subject statute's *pertinence* to time computation for compliance with district court procedure.[8]

An intra-court appeal to a three-judge panel of the Workers' Compensation Court does not lie within the ambit of district court procedure. It hence lacks the *pertinence* required by the explicit terms of § 2006(A).[9]

¶ 4 What makes § 2006(A) uninvocable here is abundantly clear from the unambiguous text of **Rule 31**[10] **that stands approved by this court.** An appeal from a trial judge's decision to a three-judge panel must be taken **within ten (10) days of the order's filing.** Further clarification of this statutory time span is provided by the text of § 3.6 itself,[11] which prescribes a chronometric method for determining its precise length.[12] Only one statutory section *dehors* the Workers' Compensation Court is referenced in § 3.6. The cited section's use is confined to computing interest.[13] Because statutory si-

---

138, 915 P.2d 355, 358 (mailbox rule is applicable to *appellate review* of compensation proceedings in this court); *Smith v. Baptist Foundation of Okla.*, 2002 OK 57, 50 P.3d 1132, 1136 (in a proceeding other than for compensation, § 2006 is applied to determine whether briefs were timely filed for *appellate review* ).

5. See *Camps v. Taylor*, 1995 OK 23, 892 P.2d 633, 636–637 (Opala, J., concurring), *citing* 12.-O.S.1991 § 2001 *et seq.* ("the provisions [of the Pleading Code] explicitly confine the force of Oklahoma's Pleading Code to district court suits of a civil nature. The time-computation [in] ... § 2006(A) applies to 'any period of time prescribed or allowed by this title.' "). *See also Dudley v. Major Constr. Co.*, 345 P.2d 881, 884 (Okla.1959); *Bendelari v. Kinslow*, 192 Okla. 390, 136 P.2d 918, 922 (1943); *McCallum & Forber v. Owens*, 184 Okla. 66, 85 P.2d 411 (1938); *Pure Oil Co. v. State Indus. Comm'n*, 181 Okla. 176, 72 P.2d 779 (1937). **The cited cases afford a rich source of authority for the principle that rules of pleading and practice in the district courts have no place in intra-court stages of a compensation proceeding.**

6. The terms of 12 O.S.1991 § 2001 provide: "The Oklahoma Pleading Code governs the procedure in the district courts of Oklahoma in all suits of a civil nature ..." The Committee Comment to § 2001 restricts "the Oklahoma Pleading Code ... to all civil actions that are litigated in the district courts of Oklahoma, *other than special proceedings in which a different procedure is prescribed by statute.*"

7. The time computation of § 2006(A) applies to "any period of time prescribed or allowed by this title [12] ... or by *any applicable statute.*"

8. This view was expressed clearly in *Camps, supra* at note 5, which states, "the permissible

range of "any applicable statute" ... must be deemed circumscribed by the subject statute's *pertinence* to a district court process in the context of which the time computation is to be made."

9. Section 2006(A) is a rule of district court practice. Rules of district court pleading and practice are inapplicable to proceedings upon a compensation claim. *Bass v. Lee Way Motor Freight, Inc.*, 1991 OK 2, 804 P.2d 1138, 1139. *Brown & Root v. Dunkelberger*, 1945 OK 280, 161 P.2d 1018.

10. Rule 31, Workers' Compensation Court Rules, 85 O.S. Supp.2003 Ch. 4, App., states that "[a]ppeals to the three-judge panel may be taken by filing an original and two copies of a Request for Review *within ten (10) days from the date the order appealed from was filed with the Court as reflected by the date of the file stamp thereon.*"

(emphasis supplied)

11. 85 O.S. Supp.2003 §§ 3.6 *et seq.*

12. § 3.6(A) and Rule 31 both prescribe a ten-day period to bring an intra-court appeal. Their provisions differ from those in § 3.6(C). The latter establishes a twenty-day period to perfect a court-review proceeding. Subsection (C) provides: "Any party litigant desiring ... to appeal to the Supreme Court, shall, within twenty (20) days after a copy of the order, decision or award has been sent by the Administrator to the parties affected, commence an action in the Supreme Court of the state to review such order, decision or award."

13. The only reference in the text of § 3.6 to another Oklahoma statute that appears in Sub-

lence will not serve as an indication of another statute's incorporation into the Workers' Compensation Law, it is clear that § 2006(A) may not be invoked to alter the established internal procedure of the Workers' Compensation Court. Rather, the norms found in both Rule 31 and in § 3.6(A) must be allowed to control the intra-court regime. **Any attempt to import adjective law from district court litigation must fail here for want of textually demonstrable authority.**

¶ 5 This court has the ultimate power over the content of the Workers' Compensation Court's practice rules.[14] Once approved, these rules become binding. By their force, *district court practice or procedure may be used only where a point of adjective law is entirely absent from the applicable statutes which govern procedure in the Workers' Compensation Court and from the rules approved for that trial tribunal.*[15] Today's act of engrafting the text of § 2006(A) upon the internal flow of compensation proceedings is plainly in error. It is in every sense as egregiously wrong as utilizing a new-trial motion for enlargement of time to file a § 3.6(A) proceeding in this court.[16] **In sum, the text of § 2006(A) cannot be excised from the Pleading Code and** then transplanted into a litigation channel that lies entirely outside the district-court framework without seriously violating the statutes and internal rules (approved by this court) which control the intra-court compensation proceedings.[17]

¶ 6 The Court of Civil Appeals' opinion in *K.J. Constr. v. Puente*[18] cannot be invoked to lend support for today's order. *It is a non-precedential pronouncement that constitutes a plainly incorrect exposition of current Oklahoma law.* The Workers' Compensation Law contains its own explicit methods for computing time to bring both an intra-court appeal as well as a proceeding for review before this court.[19] **In sum, the text of § 2006(A) may not be judicially extracted from the Pleading Code for enlargement of the time for filing an intra-court appeal, which is prescribed with unambiguous precision by the provisions of § 3.6(A) of the Workers' Compensation Law.**

### III

### TODAY'S ORDER MAY NOT BE APPLIED RETROSPECTIVELY

¶ 7 Finally, extant jurisprudence does not permit today's order to govern this case.[20]

section (G) cites the provisions of 12 O.S. § 727. Subsection (G) states, "For purposes of this section, interest shall be computed pursuant to Section 727 of Title 12 of the Oklahoma Statutes."

14. The terms of 85 O.S. Supp.2003 § 1.2(E) provide: "All rules, upon adoption, shall be submitted to the Supreme Court, **which shall approve or disapprove of them** within thirty (30) days. All rules, upon approval by the Supreme Court, shall be published and be made available to the public and, if not inconsistent with the law, shall be binding in the administration of the Workers' Compensation Act." (emphasis added)

15. Rule 2, Workers' Compensation Court Rules, *supra* at note 10, states that "[a]ny matter of ... procedure not specifically dealt with either by the Workers' Compensation Act or by these Rules will be guided by ... procedure followed in the district courts of this state."

16. *See Snyder v. Smith Welding & Fabrication,* 1986 OK 35, 746 P.2d 168, 170, **where it is unequivocally held** that "... a motion for new trial appl[ies] *only* to suits in the district courts. The legislature has not authorized a similar procedural device to secure judicial reconsideration of an order or award made in the Workers' Compensation Court."

17. See *Camps, supra* at note 5, where it is stated that "[a]ny intrusion [of the Pleading Code], however slight, must be resisted as at least potentially injurious to the conceptual purity in our multifaceted system of procedure and to its delicate symmetry".

18. *K.J. Constr. v. Puente,* 2000 OK CIV APP 138, 16 P.3d 481, 482.

19. The methods to compute time for filing an intra-court appeal from a trial judge's ruling in a compensation proceeding and that for review of a decision by a three-judge panel are different. They are explicitly fixed by statute. *Compare* 85 O.S. Supp.2003 § 3.6(A) *and* Rule 31 of the Workers' Compensation Court Rules, *supra* at note 10 (the review before a three-judge panel must be commenced *within 10 days of the compensation trial judge's order or decision being filed, as reflected by the date of the file stamp* ) *with the terms of* 85 O.S. Supp.2003 § 3.6(C) (review proceeding before the Oklahoma Supreme Court must be commenced *within 20 days of the date that a copy of the order of the Workers' Compensation Court is mailed to the parties* ).

Obscure or hard-to-detect statutory changes of procedure will not, when ultimately settled by jurisprudence, be given retroactive effect.[21] If this order were to be accorded a fully retroactive sweep, a **tardy filing** by one who neglected timely to file an appeal would be protected from malpractice liability. Never before has this court **condoned a practitioner's departure** from long-standing and well-established procedure by its retroactive application of a hard-to-identify change in statutory law. On the contrary, consistent protection has been afforded only to those practitioners who became ensnared in some obscure adjective law's effect.[22] **This petitioner's lawyer was not similarly trapped. He invented a new legal norm by invoking for the client a non-existent extension. His exoneration today would confer like immunity on others.** In sum, fidelity to precedent (whose change by today's decision *stands unforeshadowed*) inexorably mandates that this order's effect be confined to future intra-court proceedings. It should affect only those cases in which a proceeding of this nature is lodged **after** today's order becomes final.

## SUMMARY

¶ 8 I recede from today's order that denies the respondent's dismissal motion and from the court's assigned reasons *for enlarging the § 3.6(A)'s ten-day limit by superimposing upon its text the § 2006(A) chronometric method impermissibly transplanted from the Pleading Code.*

**20.** Under *Poafpybitty v. Skelly Oil Co.*, 1964 OK 162, 394 P.2d 515, 520, and its progeny, a court's settlement of an obscure procedural statute's meaning must **operate only prospectively.** *See also Sisk v. J.B. Hunt Transp., Inc.*, 2003 OK 69, 81 P.3d 55, 61 (a statute or rule whose impact is obscure is given purely prospective effect); *McDaneld v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, 979 P.2d 252, 257 (prospective effect is given to a point of Oklahoma procedural law that stood unresolved at the time of controversy); *Clapsaddle v. Blevins*, 1998 OK 5, 66 P.3d 352, 358 (novel points of ambiguously crafted statutory procedure is given prospective effect); *Bushert v. Hughes*, 1996 OK 21, 912 P.2d 334, 335 (prospective effect is given to new statutory process found in an obscurely written statute); *Manning v. Dep't of Pub. Safety*, 1994 OK 62, 876 P.2d 667, 673 (the court's announcement will be given prospective effect where appellate procedure was found to be less than crystal-clear).

**21.** A similar pronouncement was given prospective effect in *Isbell v. Ret. and Pension Bd. of the Dep't of Pub. Safety*, 1979 OK 156, 603 P.2d 758, 760–61 (Opala, J., concurring) (when called upon to settle the meaning of not-so-readily intelligible or not-so-clearly settled legal norms that are a veritable trap for the unwary, the court will give its pronouncement purely prospective effect in order to save the parties from an unforeseen impact of obscurely worded regime of norms).

**22.** *Clapsaddle, supra* at note 20, states that "[o]bscure legislative enactments should be kept from becoming a veritable trap for the unwary".