**Wayne WINN, John Winn, and Keith Dowdell, Appellants,**

v.

**Carl A. NILSEN, Cotton Petroleum Corporation, a Delaware corporation, Rexwood Corporation, an Oklahoma corporation, James W. Tupper, Sylvia N. Tupper, Fred C. Andretta, Lanny G. Anderson, Larry M. Nilsen, and Carol L. Nilsen, and H.B. & Y. Associates, a general partnership, Appellees.**

No. 58690.

Supreme Court of Oklahoma.

Sept. 27, 1983.

Duke Halley, Hieronymus, Hodgden, Halley & Meyer, Woodward, for appellants.

Michael P. Warwick, Jon D. Flowers, Adcock & Flowers, Shawnee, for appellee Rexwood Corp.

J. David Jorgenson, Conner, Winters, Ballaine, Barry & McGowen, Tulsa, for appellee Cotton Petroleum Corp.

Richard K. Books, Sharon L. Taylor, Watson, McKenzie & Moricoli, Oklahoma City, for remaining appellees.

OPALA, Justice.

The first-impression issue dispositive of this appeal is whether a primary five-year term in an oil-and-gas lease expires at midnight on its anniversary date. We answer in the affirmative.

This is lessors' appeal from summary judgment that establishes the termination point of a five-year oil-and-gas "commencement-type"[1] lease at midnight of February 16, 1982. The lease in suit was executed on, and bears the date of, February 16, 1977. The sole disputed issue below was whether lessees [operators] had until the end of February 15, 1982 or of February 16, 1982 to commence operations under the lease. It is conceded that operators' actions that occurred on February 16, 1982 suffice in fact and in law as commencement of operations.[2]

The lessors urge that the primary term of the lease in contest expired on February 15, 1982. They argue that whenever a term of years is drawn in the instrument to extend from the execution date, the lease commences at the beginning of the day that is named therein and—after the lapse of the number of years specified—its term ends by midnight of the preceding day.

The lease provisions before us call for a five-year primary term. The word "year" is statutorily defined to mean a calendar year. 25 O.S. 1981 § 23.[3] A calendar

---

1. See *Wilds v. Universal Resources Corporation*, Okl., 662 P.2d 303 [1983], for discussion of "commencement lease".

2. Lessors deny that operations were commenced on February 15, 1982.

3. The terms of 25 O.S.1981 § 23 provide:
"The word 'year' means a calendar year, and 'month', a calendar month. Fractions of a year are to be computed by the number of months, thus: half a year is six (6) months. Fractions of a day are to be disregarded in computations

year denotes a period commencing January 1 and ending December 31. It includes both regular and leap years.[4] When, as here, the time is used in the context to effect a simple identification of a particular time period, an anniversary-to-anniversary period is indicated.[5]

Last century's judicial decisions applied different rules of computation when the time commenced to run from (a) a day certain and when it began (b) from the happening of an event. In the latter instance, the day on which the act was done or to be done or the event happened was included in computing the time.[6]

▮ The distinction is no longer recognized. The rule now universally applied is that in calculating the period of time in which a contractual or statutory duty is to be performed, the *terminus a quo*—the day or event that marks the commencement point of the period—is excluded and the *terminus ad quem*—the terminal day of the period—is included.[7] Oklahoma's statutory

law follows this rule. It provides in 12 O.S. 1981 § 73:

"The time within which an act is to be done shall be computed by excluding the first day, and including the last ..."

Our statute is declaratory of the present-day common law rule.[8] Although 12 O.S. 1981 § 73 is part of the Code of Civil Procedure, it clearly provides a universal forensic as well as legal computation-of-time formula that governs in all cases except those where the contrary is explicitly indicated by (a) statutory terms, (b) the circumstances of a particular case or (c) the intention of the parties.[9] *In short, while absent a contrary provision a contract does, under 15 O.S.1981 § 138*[10], *go into effect immediately upon its execution, for computation purposes the point of time when it commences is postponed by operation of law until the beginning of the next day after its execution. The time which lapses between the moment of actual execution and the dies a quo*[11] *is but an "instant" in contemplation of law. It is referred to as punctum temporis and hence not counted.*[12] 25 O.S.1981 § 23;

---

which include more than one (1) day, and involve no question of priority."

**4.** Quadrennial fluctuation in the Gregorian calendar is comprised within the very definition of a year. *Schon v. National Tea Co.,* 19 Ohio App.2d 222, 250 N.E.2d 890, 892 [1969].

**5.** See Annot.: What 12-Month Period Constitutes "Year" Or "Calendar Year" As Used in Public Enactment, Contract, Or Other Written Instrument, 5 A.L.R.3d 584, 588–592 [1966].

**6.** *First Nat. Bank of Haskell v. Drew,* 69 Okl. 59, 169 P. 1092 [1918]; *Meridian L. Ins. Co. v. Milam,* 172 Ky. 75, 188 S.W. 879, 880 [1916]; *Burrall v. Du Blois,* 2 U.S. 229, 1 L.Ed. 360 [1795].

**7.** *First Nat. Bank of Haskell v. Drew,* supra note 6; *Columbia Pictures Corporation v. De-Toth,* 26 Cal.2d 753, 161 P.2d 217, 220 [1945]; *Pitcock v. Johns,* 326 S.W.2d 563, 565–566 [Tex.App.1959]; *Schon v. National Tea Co.,* supra note 4; *Vogel v. State ex rel. Laud,* 107 Ind. 374, 8 N.E. 164, 166 [1886].

**8.** This statutory provision does not abrogate the well-established common-law exception which governs computation of a person's age. *Bynum v. Moore,* 101 Okl. 128, 223 P. 687, 690–691 [1924]; *Nelson v. Sandkamp,* 227 Minn. 177, 34 N.W.2d 640, 642 [1948].

**9.** *State ex rel. Hunzicker v. Pulliam,* 168 Okl. 632, 37 P.2d 417, 422–423 [1934]; *Vogel v. State ex rel. Laud,* supra note 7.

**10.** The terms of 15 O.S.1981 § 138 provide: "A contract in writing takes effect upon its delivery to the party in whose favor it is made, or to his agent."

**11.** *"Dies a quo"*—the day from which a transaction begins; the commencement of it; the conclusion being the *dies ad quem,* Black's Law Dictionary [West Publishing Co. 1979], p. 409.

**12.** Preference for the "exclude-the-first-day/include-the-last-day" principle is explained by the notion that *the law does not deal in fractions of a day.* In order to give the contracting parties the full benefit of their bargain, it is necessary to disregard the day an agreement is signed because the parties would not otherwise receive the advantage of the initial full day. This principle has met with statutory recognition in 25 O.S.1981 § 23. See its full text in footnote 3. For computation purposes, a day is simply *punctum temporis* [a mere point or instant of beginning or termination]. *Franklin v. State,* 9 Okl.Cr. 178, 131 P. 183, 184 [1913]. *Punctum temporis* is defined by Harper's Latin Dictionary [American Book Co. 1907], pp. 1491–1492 as "a small portion of time, an instant, a moment."

*Franklin v. State,* 9 Okl.Cr. 178, 131 P. 183, 184 [1913].

The habendum clause of the lease in suit provides that it "... shall remain in force for a term of Five years *from* date ... and as long thereafter as oil and gas, or either of them is produced from said land by the lessee." [Emphasis ours]. The word "from"—oftentimes employed as an adverb of time—is generally considered to exclude the *terminus a quo.* It is regarded as a term of exclusion.[13]

 The body of our statutory and decisional law clearly and unmistakably commits us to the modern view. We accordingly hold that the five-year primary term of the lease here in dispute commenced the day following its execution (February 17, 1977) and ended at midnight on February 16, 1982—the terminal point of its fifth anniversary date.

AFFIRMED.

BARNES, C.J., and IRWIN, HODGES, LAVENDER, DOOLIN and WILSON, JJ., concur.

SIMMS, V.C.J., and HARGRAVE, J., dissent.

---

**13.** *Pomeranz v. More,* 63 N.Y.S.2d 111, 114, 187 Misc. 383 [1946]; *Columbia Pictures Corporation v. DeToth,* supra note 7; *Rudco Oil & Gas Co. v. Lemasters,* 146 S.W.2d 806, 811 [Tex.App.1941]; *Fetters v. City of Des Moines,* 260 Iowa 490, 149 N.W.2d 815, 818 [1967].

We are not unmindful that in some instances "from", as an adverb of time, though in its literal and restrictive sense synonymous with "exclusive of", may be construed—in context with other terms—as "inclusive of". The instant case does not present an example of such extraordinary contextual meaning. *Baker v. Hammett,* 23 Okl. 480, 100 P. 1114, 1116 [1909]. See also *N.Y. Trust Co. v. Portland Ry. Co.,* 189 N.Y.S. 346, 349, 197 App.Div. 422 [1921]; *Acme Life Ins. Co. v. White,* 99 S.W.2d 1059, 1060 [Tex.App.1936].