Robert H. Macy, Dist. Atty., and Aletia C. Haynes, Asst. Dist. Atty., Oklahoma City, for appellee.

Chris Eulberg, Eulberg & Brink, Oklahoma City, for appellant.

**STATE of Oklahoma, Appellee,**

v.

**Anthony VAN LEAR, Defendant,**

**and**

**Dorothy F. Eden, Appellant.**

**No. 73886.**

Court of Appeals of Oklahoma, Division 1.

June 25, 1991.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Dorothy Eden, a professional bondsman, appeals a trial court order denying her remittitur of a forfeited bond. The facts are undisputed. Eden posted bond for Defendant Anthony Van Lear. Van Lear did not appear as directed, and the trial court declared forfeiture. Eden received an Order of Forfeiture and the appropriate notice on February 1, 1989. On May 3, 1989, Eden deposited the amount of the bond in cash with the court clerk. On June 28, 1989, Van Lear was returned to the custody of the Oklahoma County Sheriff without expense to the State. Eden filed a Motion for Remittitur on the same day.

The trial court denied the motion, ruling Eden had not deposited the face amount of the bond timely, i.e. ninety-one days from notice of forfeiture, and was not entitled to

remittitur. In doing so, the trial court counted the day notice was received as the first day. The parties agree that if the day notice was received is excluded, Eden deposited the face amount of the bond on the ninety-first day.

Eden's entitlement to remittitur is controlled by 59 O.S.Supp.1988, § 1332. Subsection D of that statute provides:

> If the defendant is not returned to custody within ninety (90) days from receipt of the order and judgment of forfeiture from the court clerk, or mailing of the notice if no receipt is made, the bondsman shall deposit cash or other valuable securities in the face amount of the bond with the court clerk ninety-one (91) days from the receipt of the order and judgment of forfeiture from the court clerk, or mailing of the notice if no receipt is made.

Citing *Winn v. Nilsen*, 670 P.2d 588 (Okla.1983), Eden contends the trial court erred in not excluding February 1 in calculating the date on which her deposit was due. We agree. As recognized by the State, *Winn* reiterated the general principle that, in computing time, "the day or event that marks the commencement of the period" is not counted, while the last day of the period is included. According to *Winn*, this general rule applies to all statutory or contractual duties except those "where the contrary is explicitly indicated by (a) statutory terms, (b) the circumstances of a particular case or (c) the intention of the parties." *Winn*, 670 P.2d, at 590. In enacting 12 O.S.Supp.1985, § 2006(A), the Legislature properly adopted this rule for computing time under "any applicable statute."

Although arguing § 1332 should be an exception to the general rule, the State points to no statutory language which indicates any Legislative intent to apply a different rule. In fact the language "ninety-one (91) days *from* the receipt" (emphasis added) suggests an intent to apply the general rule. Having concluded Eden timely deposited the face amount of the bond, we need not consider her argument that timely deposit is not required in order to obtain remittitur. The order of the trial court is reversed, and the case is remanded with instructions to grant Eden's motion. REVERSED AND REMANDED WITH INSTRUCTIONS.

BAILEY and JONES, JJ., concur.