Dear Senator Riley,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. A sex offender from another state establishes a residencein Oklahoma and registers with the local law enforcementauthority, yet, on a regular basis, stays five or fewerconsecutive days in a jurisdiction other than the one in which heis registered. Is the person required by the Sex OffenderRegistration Act to register also with the local law enforcementin the area where he is staying?
 2. How long may a registered sex offender be within 2000 feetof a school or educational institution without violating 57O.S. Supp. 2004, § 590[57-590]?
 I. Overview of The Sex Offenders Registration Act
¶ 1 The Sex Offenders Registration Act ("Act"), 57 O.S. 2001 Supp. 2004, §§ 581-590, "is a civil, nonpunitive regulatory scheme designed to protect the public against the threat posed by convicted sex offenders." A.G. Opin. 05-11, at 2. The Act applies to "any person residing, working or attending school within the State of Oklahoma" who has been convicted of, received a suspended or deferred sentence for, or received any other probationary term for the commission or attempted commission of, certain sex crimes. 57 O.S. Supp. 2004, § 582[57-582](A).[1] It also applies to "any person who . . . resides, works or attends school within the State of Oklahoma and who has been convicted or received a suspended sentence" in another jurisdiction "for a crime or attempted crime which, if committed or attempted in this state" would constitute a sex crime requiring registration in this State. Id. § 582(B).
¶ 2 Section 583[2] of the Act governs the circumstances in which a sex offender must register. It provides in pertinent part:
 A. Any person who becomes subject to the provisions of the Sex Offenders Registration Act on or after November 1, 1989, shall be registered as follows:
 1. With the Department of Corrections within three (3) business days of being convicted or receiving a suspended sentence or any probationary term, including a deferred sentence imposed in violation of subsection G of Section 991c of Title 22 of the Oklahoma Statutes, if the person is not incarcerated, or within three (3) business days of release of the person from a correctional institution, except as provided in subsection B of this section;
 2. With the local law enforcement authority having jurisdiction in the area where the person resides or intends to reside for more than seven (7) days. The registration is required within three (3) days after entering the jurisdiction of the law enforcement authority; and
 3. With the Department of Corrections and the local law enforcement authority no less than three (3) business days prior to abandoning or moving from the address of the previous registration.
 For purposes of this section, "local law enforcement authority" means:
 a. the municipal police department, if the person resides or intends to reside or stay within the jurisdiction of any municipality of this state, or
 b. the county sheriff, if the person resides or intends to reside or stay at any place outside the jurisdiction of any municipality within this state, and
 c. the police or security department of any institution of higher learning within this state if the person:
(1) enrolls as a full-time or part-time student,
 (2) is a full-time or part-time employee at an institution of higher learning, or
 (3) resides or intends to reside or stay on any property owned or controlled by the institution of higher learning.
 B. Any person who has been convicted of an offense or received a deferred judgment for an offense on or after November 1, 1989, in another jurisdiction, which offense if committed or attempted in this state, would have been punishable as one or more of the offenses listed in Section 582 of this title and who enters this state shall be registered as follows:
 1. With the Department of Corrections when the person enters and intends to be in the state for any purpose for five (5) days or longer, has any type of full-time or part-time employment, with or without compensation for more than five (5) days, or is enrolled as a full-time or part-time student within this state. Such registration is required within two (2) days after entering the state;
 2. With the local law enforcement authority having jurisdiction in the area where the person intends to reside or to stay for more than five (5) days, has any type of full-time or part-time employment, with or without compensation for more than five (5) days, or is enrolled as a full-time or part-time student within this state. The registration is required with local law enforcement within two (2) days after entering the jurisdiction of the law enforcement authority; and
 3. With the Department of Corrections and the local law enforcement authority no less than three (3) business days prior to abandoning or moving from the address of the previous registration.
Id. (emphasis added).
¶ 3 The registration requirements in Section 583(A) apply to individuals who become subject to the Act while within the State of Oklahoma. The requirements found in Section 583(B) apply to individuals who are convicted of, or subject to a deferred sentence for, an offense that occurred in another jurisdiction and who subsequently enter the State. The scenario presented in your question would be governed by the provisions of Section 583(B)(2) which require registration "[w]ith the local law enforcement authority having jurisdiction in the area where the person intends to reside or to stay for more than five (5) days."Id.
¶ 4 To answer your question, it is necessary to consider the meaning of the phrase "more than five days." The Act does not define the term "days." Therefore, 25 O.S. 2001, § 1[25-1] instructs, "[w]ords used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears." Id.; see First Am. Bank Trust Co. v. Okla. Indus.Fin. Auth., 951 P.2d 625, 631 (Okla. 1997). The Oklahoma Supreme Court has recognized, "[t]he word `days,' when not qualified, means in ordinary and common usage calendar days."Davis v. Thompson, 721 P.2d 789, 791-92 (Okla. 1986). Davis
defined `calendar day' as "the time from midnight to midnight."Id. at 791 (quoting Webster's Third New International Dictionary 316 (16th ed. 1971)). Therefore, the five days referenced in the statute are five calendar days.
¶ 5 Another factor to consider in determining the meaning of the phrase "more than five days" is whether the Legislature intended for the days to be continuous or if they may be cumulative. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456,460 (Okla. 1964). While Section 583(B)(2) of Title 57 does not expressly state which was intended, other provisions in the current statute and prior versions of the law indicate that if the Legislature had meant for the time period to be cumulative as well as continuous it would have done so. For example, Section 583(G) provides:
 G. Any person who resides in another state and who has been convicted of an offense or received a deferred judgment for an offense in this state, or in another jurisdiction, which offense if committed or attempted in this state would have been punishable as one or more of the offenses listed in Section 582 of this title, and who is the spouse of a person living in this state shall be registered as follows:
 1. With the Department of Corrections when the person enters and intends to be in the state for any purpose for five (5) days or longer or an aggregate period of five (5) days or longer in a calendar year.
Id. (emphasis added).
¶ 6 Another example of the Legislature indicating that it intended for a time period to be cumulative is the 1997 version of the law. It stated in pertinent part:
 B. Any person who has been convicted of an offense or received a deferred judgment for an offense on or after November 1, 1989, in another jurisdiction, which offense if committed or attempted in this state, would have been punishable as one or more of the offenses listed in Section 582 of this title and who enters and remains in this state shall be registered as follows:
 1. With the Department of Corrections when the person enters and intends to be in the state for any purpose for thirty (30) days or longer, has any type of full-time or part-time employment, with or without compensation for more than fourteen (14) days or an aggregate period exceeding thirty (30) days within a calendar year, or is enrolled as a full-time or part-time student within this state. The registration is required within three (3) days after entering the state; and
 2. With the local law enforcement authority having jurisdiction in the area where the person intends to reside or to stay for more than seven (7) days, has any type of full-time or part-time employment, with or without compensation for more than fourteen (14) days or an aggregate period exceeding thirty (30) days within a calendar year, or is enrolled as a full-time or part-time student within this state. The registration is required with local law enforcement within three (3) days after entering the jurisdiction of the law enforcement authority.
57 O.S. Supp. 1997, § 583[57-583] (emphasis added).
¶ 7 The silence of Section 583(B)(2), when considered in light of the examples above, leads to the conclusion that had the Legislature intended to allow an aggregate compilation of time, it would have done so. Therefore, the "five days" in Section 583(B)(2) are consecutive days.
¶ 8 The final factor to be considered in defining "more than five days" is the process for calculating the passage of the time period. The Oklahoma Supreme Court has held:
 The rule now universally applied is that in calculating the period of time in which a contractual or statutory duty is to be performed, the terminus a quo — the day or event that marks the commencement point of the period — is excluded and the terminus ad quem — the terminal day of the period — is included.
Winn v. Nilsen, 670 P.2d 588, 590 (Okla. 1983).
¶ 9 Although the rule was articulated in the context of a case involving a lease dispute, the court stated:
 [I]t clearly provides a universal forensic as well as legal computation-of-time formula that governs in all cases except those where the contrary is explicitly indicated by (a) statutory terms, (b) the circumstances of a particular case or (c) the intention of the parties.
Id.
¶ 10 For example, if a sex offender enters a municipality or county on Monday, Tuesday is counted as the first day, Wednesday is the second, Thursday the third, Friday the fourth, and Saturday the fifth day. In order to be subject to the registration requirement, the sex offender would have to reside or stay in the area through the end of Saturday. This is because it is not until the completion of the fifth day that the individual would have been in the area "more than five days."
 II. The Residency Restriction of 57 O.S. Supp. 2004, § 590[57-590]
¶ 11 You next ask how long a registered sex offender can be within a 2000-foot radius of a school or other educational institution without violating 57 O.S. Supp. 2004, § 590[57-590]. That statute provides:
 It is unlawful for any person registered pursuant to the Oklahoma Sex Offenders Registration Act to reside within a two thousand-foot radius of any public or private school site or educational institution.
 Nothing in this provision shall require any person to sell or otherwise dispose of any real estate or home acquired or owned prior to the conviction of the person as a sex offender. Any person willfully violating the provisions of this section by intentionally moving into any neighborhood or to any real estate or home within the prohibited distance shall, upon conviction, be guilty of a misdemeanor punishable by a fine not to exceed Three Thousand Dollars ($3,000.00) on a first offense, and any second or subsequent offense shall be punishable by incarceration for one (1) year in the county jail in addition to such fine.
Id.
¶ 12 Generally, Section 590 neither prohibits a registered sex offender from being physically present within 2,000 feet of a school or other educational institution, nor imposes any limits on the length of time he or she may physically be there.[3]
Rather, it bars an offender only from residing within that protected area. The Act does not define "reside." In its common usage "reside" means "to dwell permanently or continuously: have a settled abode for a time: have one's residence or domicile." Websters Third New International Dictionary 1931 (3d ed. 1993). Whether a particular individual "resides" in a prohibited location is a question of fact and cannot be answered by an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
¶ 13 Another statute controlling where a convicted sex offender may be in relation to certain schools is worth noting. While Section 590 prohibits residing within 2000 feet of a school,21 O.S. Supp. 2004, § 1125[21-1125] bars certain convicted sex offenders from being physically present within 300 feet of elementary and junior high schools, child care facilities, and playgrounds. It provides in pertinent part:
 A. A zone of safety is hereby created around elementary and junior high schools, licensed child care facilities, and playgrounds. A person is prohibited from being within three hundred (300) feet of any elementary or junior high school, licensed child care facility, or playground if the person has been convicted of lewd molestation, rape or sodomy in this state or any similar offense of another state or the United States and the victim was a child under the age of thirteen (13) years.
 B. A person convicted of a first offense of this section shall be guilty of a misdemeanor punishable by a fine not exceeding Two Thousand Five Hundred Dollars ($2,500.00). A person convicted of a second or subsequent offense of this section shall be guilty of a felony. This proscription of conduct shall not modify or remove any restrictions currently applicable to the person by court order, conditions of probation or as provided by other provision of law.
Id.
¶ 14 Section 1125 also provides a limited exception. The statute states:
 C. 1. A person shall be exempt from the prohibition of this section regarding a school or a licensed child care facility only under the following circumstances:
 a. the person is the custodial parent or legal guardian of a child who is an enrolled student at the school or child care facility, and
 b. the person is enrolling, delivering or retrieving such child at the school or child care facility during regular school or facility hours or for school-sanctioned or child care facility-sanctioned extracurricular activities.
 2. This exception shall not be construed to modify or remove any restrictions applicable to the person by court order, conditions of probation, or as provided by other provision of law.
Id.
¶ 15 It should be noted that the 300-foot prohibition and the limited exception found in this statute does not alter other restrictions imposed "by court order, conditions of probation, or as provided by other provision of law." Id. § 1125(C)(2). Therefore, a sex offender may be subject to greater restraints than those imposed by 21 O.S. Supp. 2004, § 1125[21-1125] and 57 O.S.Supp. 2004, § 590[57-590].
 ¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A registered sex offender who was convicted in a jurisdiction other than Oklahoma is required to register with local law enforcement if the offender resides or stays in an area for more than five days. 57 O.S. Supp. 2004, § 583[57-583].
 2. The term "days," as used in the phrase "more than five days," means calendar days. 57 O.S. Supp. 2004, § 583(B)(2); Davis v. Thompson, 721 P.2d 789, 792 (Okla. 1986). A calendar day is "the time from midnight to midnight." Id. at 791.
 3. The "five days" referenced in 57 O.S. Supp. 2004, § 583(B)(2) are consecutive days.
 4. In calculating the number of days that a sex offender has been residing or staying in an area, the day of arrival is excluded and the day of departure is included. Winn v. Nilsen, 670 P.2d 588, 590 (Okla. 1983).
 5. Section 590 of title 57 of the Act prohibits sex offenders from residing within a 2000-foot radius of a school or other educational institution. See id. Whether a person is residing at a prohibited place is a question of fact to be determined on a case-by-case basis.
 6. Title 21 O.S. Supp. 2004, § 1125(A) makes it a crime for a person convicted of certain sex offenses against children to be within 300 feet of an elementary or junior high school, day care facility, or playground except when specifically permitted to do so by the statute.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 D. CASEY DAVIS Assistant Attorney General
[1] Title 57 O.S. Supp. 2004, § 582[57-582] was amended in the First Regular Session of the Fiftieth Legislature with an effective date of November 1, 2005. The amendment is not relevant to your inquiry. See 2005 Okla. Sess. Laws ch. 123, § 1.
[2] Title 57 O.S. Supp. 2004, § 583[57-583] was amended in the First Regular Session of the Fiftieth Legislature with an effective date of November 1, 2005. The amendment is not relevant to your inquiry. See 2005 Okla. Sess. Laws ch. 123, § 2.
[3] Pursuant to 57 O.S. Supp. 2004, § 589[57-589](A), a registered sex offender is not permitted "to work with or provide services to children or to work on school premises."