Dear Director Justin Jones,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:The Oklahoma Community Sentencing Act ("Act") is found at 22 O.S. 2001 Supp. 2008, §§ 988.1 — 990a-1.1. In Section 988.22(D), the Act limitscommunity sentences requiring active supervision, programs or servicesto three years, except for the continuation of court-ordered monetaryobligations. In calculating this three-year limitation under the Act,does Oklahoma law require the use of three consecutive years fromsentencing, or may a cumulative total of 1095 days be used for thiscomputation?
 I. Introduction
¶ 1 Your question requires an interpretation of the Oklahoma Community Sentencing Act ("Act"), 22 O.S. 2001 Supp. 2008, §§ 988.1 — 990a-1.1. We have discussed the Act and opined as to its operation in previous Attorney General Opinions. See A.G. Opins. 05-20, 04-2, 00-55, 99-65. For a general overview of the Act please refer to those prior opinions.
¶ 2 Your question pertains to the three-year limitation on a community sentence as set forth in the Act at 22 O.S.Supp. 2008, § 988.22[22-988.22]
(D). This provision states:
 A community sentence pursuant to the Oklahoma Community Sentencing Act shall not require active supervision, programs or services for more than three (3) years, but may continue beyond the three-year limitation for purpose of completing court-ordered monetary obligations.
Id.
¶ 3 You ask if the three-year limitation set forth in Section 988.22(D) may be counted in cumulative days equivalent to three years, as opposed to three consecutive years. It is our understanding from your request that a cumulative days computation method might be used to effectively toll the three-year limitation beyond three consecutive years in circumstances where an offender is absent from supervision during the initial three year period, but available for supervision at a later time.[1] It is also our understanding from your agency's brief concerning this request that a cumulative days computation method might be used to effectively toll the three-year limitation beyond three consecutive years in circumstances where the underlying suspended or deferred sentence is revoked or accelerated.[2]
¶ 4 In considering your question, it is important to note that the Act itself provides for the modification of a community sentence in the form of court-ordered disciplinary sanctions and incentives to gain compliance with the terms of the community sentence. 22 O.S. 2001,§ 988.20[22-988.20](A). Additionally, the Act contemplates that community sentences may be revoked by the court. 22 O.S. 2001, § 988.21[22-988.21]. A community sentence can include multiple forms of court-ordered community punishment (see 22 O.S.Supp. 2008, § 988.8[22-988.8]), and "[w]hen all court-ordered provisions have been successfully completed the defendant shall be deemed to have completed the community punishment." Id.
§ 988.22(B). Finally, it is also important to note that a community sentence is a condition of a suspended or deferred sentence. 22 O.S. 2001,§§ 988.19[22-988.19](A), 990a-1.1.
 II. A Community Sentence Under the Oklahoma Community Sentencing Act is Limited in Duration to Three Consecutive "Calendar Years," Except For Purposes of Completing Court-Ordered Monetary Obligations.
¶ 5 Section 988.22(D) of the Act specifies that, except for court-ordered monetary obligations, a community sentence issued pursuant to the Act shall not require active supervision, programs or services for more than three years. The provision also expressly states that it is a "three-year limitation." Id. However, the Act does not define the meaning of the word "year."
¶ 6 In Title 25 of the Oklahoma Statutes, the Oklahoma Legislature has provided definitions and general provisions for the meanings of terms and the construction of Oklahoma statutes. Title 25 O.S. 2001, § 1[25-1]
states:
 Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears, and except also that the words hereinafter explained are to be understood as thus explained.
Id. Additionally, 25 O.S. 2001, § 23[25-23] provides: "[t]he word `year' means a calendar year." Although the term "calendar year" is not expressly defined in Title 25 or the Act, the Oklahoma Supreme Court, in interpreting 25 O.S. 2001, § 23[25-23], has stated:
 The word "year" is statutorily defined to mean a calendar year. A calendar year denotes a period commencing January 1 and ending December 31. It includes both regular and leap years. When . . . the time is used in the context to effect a simple identification of a particular time period, an anniversary-to-anniversary period is indicated.[3]
Winn v. Nilsen, 670 P.2d 588, 589-90 (Okla. 1983) (citation omitted) (footnotes omitted) (footnote added). The court also explained that, in the computation of the time period, "the teminus a quo — the day or event that marks the commencement point of the period-is excluded and the terminus ad quem — the terminal day of the period-is included."Id. at 590; see also A.G. Opin. 05-36, at 200.
¶ 7 The Act is silent as to whether the three-year limitation in Section 988.22(D) is to be calculated as a consecutive three-year period or a cumulative number of days equivalent to three calendar years. We have previously opined that legislative silence regarding whether a statutory time period may be calculated on a cumulative daily basis supports the conclusion that a consecutive time period is intended.See A.G. Opin. 05-36, at 198-200 (citing City of Duncan v. Bingham,394 P.2d 456, 460 (Okla. 1964)) (holding that "legislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent"). As a consequence, the absence of statutory language in Section 988.22(D) or anywhere else in the Act authorizing the three-year limitation to be computed using cumulative days is evidence that the Legislature did not intend for such a methodology to be used in calculating the three-year limitation.
¶ 8 As previously discussed, the Act provides that the community sentence may be modified by a court for purposes of imposing disciplinary sanctions to secure compliance with the terms of the sentence. 22 O.S. 2001, § 988.20[22-988.20](A). In light of Section 988.20 (A) and the absence of language in Section 988.22(D) allowing the use of cumulative days to calculate the three-year limitation, the tolling of the limitation to accommodate defendants who are absent from supervision would be inconsistent with the Act.
¶ 9 Additionally, as a general rule, the revocation of a suspended sentence or the acceleration of a deferred sentence does not toll the three-year community sentence limitation. Since a community sentence is a condition of a suspended or deferred sentence, a community sentence would be effectively revoked by the revocation or acceleration of the underlying suspended or deferred sentence. As a consequence, additional community punishment would require a new community sentence subject to its own three-year limitation, and would operate as a condition of a subsequent suspended or deferred sentence.[4]
¶ 10 Accordingly, the three-year limitation set forth in Section 988.22(D) may not be tolled and must be calculated by using three consecutive (i.e., anniversary-to-anniversary) calendar years. The commencement point for purposes of calculating the three-year period would be the date after the community sentence is issued, and the period would expire upon the conclusion of the third anniversary of the issuance date of the community sentence. Additionally, as expressly stated in Section 988.22(D), only court-ordered monetary obligations may continue beyond the three-year limitation.
 ¶ 11 It is, therefore, the official Opinion of the Attorney General that:
 The three-year limitation of a community sentence set forth in the Oklahoma Community Sentencing Act at 22 O.S.Supp. 2008, § 988.22[22-988.22] (D), must be calculated by using three consecutive calendar years, commencing on the day after the community sentence is issued and expiring upon the conclusion of the third anniversary of the issuance date of the community sentence.
W.A. DREW EDMONDSON, Attorney General of Oklahoma.
RICHARD J. DENNY, Assistant Attorney General.
[1] See letter from Justin Jones, Director, Okla. Dep't of Corr. to W.A. Drew Edmondson, Okla. Attorney General p. 2 (Nov. 6, 2008) (on file with the author).
[2] See Okla. Dep't of Corr. letter to Tommy Humphries, Okla. Assistant Attorney General p. 4 (Dec. 23, 2008) (on file with the author).
[3] Although not expressly cited in the Opinion, the court's definition of "calendar year" tracks closely with that of Webster'sThird New International Dictionary 316 (3d ed. 1993), which defines "calendar year" as follows:
 1: a period of a year beginning and ending with the dates which are conventionally accepted as marking the beginning and end of a numbered year (as Jan. 1 and Dec. 31 in the Gregorian calendar) 2: a period of time equal in length to that of the year in the calendar conventionally in use (as in the Gregorian calendar 365 days or when a Feb. 29 is included 366 days).
Id.
[4] We note that the Act allows a person whose suspended sentence has been revoked by the court to participate in the community sentencing program as part of a pilot project established by the Department of Corrections, subject to the availability of funds. 22 O.S.Supp. 2008,§ 988.24[22-988.24]. Although it appears that such participation would be conditional upon meeting the other criteria set forth in the Act, this limited exception was not raised in your question and we find it to be outside the scope of your Opinion request.